16-110/nsm/jsg

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

**BYRON L. HARRIS, JR.**

        Plaintiff,

vs.

**CITY OF BOYNTON BEACH,**
**MICHAEL BROWN, MATTHEW MEDEIROS,**
**STEPHEN MAIORINO, RONALD RYAN,**
**JUSTIN HARRIS, CORY HERNY,**
**ALFRED MARTINEZ, and**
**Other unknown officers,**

        Defendants.

_____/

### NOTICE OF REMOVAL

Defendant, CITY OF BOYNTON BEACH (hereinafter "City"), a Florida municipal

corporation, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§1331, 1441(a),

and 1446(b)(3), hereby provides this Notice of the Removal of the above captioned action from

the Fifteenth Judicial Circuit Court for Palm Beach County to the United States District Court for

the Southern District of Florida and states as follows:

1.      Plaintiff, BYRON L. HARRIS, JR. (hereinafter "Plaintiff"), originally filed his

Complaint for monetary relief with the State court on December 23, 2015 against City, as well as

Defendants, MICHAEL BROWN, MATTHEW MEDEIROS, STEPHEN MAIORINO,

RONALD RYAN, JUSTIN HARRIS, CORY HERNY, and ALFRED MARTINEZ, (hereinafter

collectively referred to as "Officers").  City was served with the Summons and Complaint on

January 4, 2016. *See Summons on City attached as Exhibit A.*

3.      Plaintiff's Complaint attempts to state nineteen (19) counts.  As to City, Count I alleges "Violation of Civil Rights While Acting Under Color of State Law" under 42 U.S.C. §1983, and Count II alleges "State Law Battery."  As to the Officers, individually, Counts III, V, VII, IV, XI, XIII, and XV alleges "Unnecessary/Excessive Use of Force" under 42 U.S.C. §§ 1983 and 1988 against each Officer, respectively.  Further as to the Officers, individually, Counts IV, VI, VIII, X, XII, XIV, and XVI allege "State Law Battery" against each Officer, respectively.  As to the Officers, collectively, Count XVII alleges "Violation of Civil Rights while Acting under Color of State Law for Failure to Intervene Under 42 U.S.C. §1983" and Count XIX alleges "Conspiracy."

4.      Pursuant to 28 U.S.C. §1331, this Court now has original jurisdiction over this action, as Plaintiff's proposed 42 U.S.C. §1983 civil actions against City and Officers arise under the Constitution and laws of the United States.  Pursuant to 28 U.S.C. §§1331 and 1441(a), City may remove this action to this Court.

5.      Pursuant to 28 U.S.C. §1146(b)(2), City and all known named Defendant Officers consent to this removal.

6.      Pursuant to 28 U.S.C. §1446(b)(1), this notice of removal is timely.  28 U.S.C. §1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

7.      In accordance with 28 U.S.C. §1446(a), attached hereto as Composite Exhibit B are copies of all documents filed with the Circuit Court in and for Palm Beach County, Florida for Case No. 50 2015 CA 014268 XXXX MB AJ.  *See Composite Exhibit B.*

2

8.     Concurrent with the filing of this Notice of Removal with this Court, City will provide Notice of Removal to the Plaintiff, through the attorney of record in the state Circuit Court action, as required by 28 U.S.C. §1446(d), as well as notice to the Clerk of Court in and for the Fifteenth Judicial Circuit Court for Palm Beach County, State of Florida.

9.     This Notice is timely, being filed within thirty (30) days service of Plaintiff's Complaint upon City.

WHEREFORE, Defendant, CITY OF BOYNTON BEACH, respectfully requests that this Honorable Court, pursuant to 28 U.S.C. §1441, grant an Order in favor of City removing this action to the United States District Court, Southern District of Florida.

Respectfully submitted,

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants City


/s/Lyman H. Reynolds, Jr.
**LYMAN H. REYNOLDS, JR.**
FBN: 380687

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by CM/ECF

<u>OR</u> e-service to all parties on the attached Counsel List this 28th day of January, 2016.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: <u>service_LHR@rrbpa.com</u>
Email: <u>lreynolds@rrbpa.com</u>
Attorneys for Defendants City

<u>/s/Lyman H. Reynolds, Jr.</u>
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:          HARRIS v. CITY OF BOYNTON BEACH, et al.
CASE NO.:       50 2015 CA 014268 XXXX MB AJ
OUR FILE NO.:   16-110

## COUNSEL LIST

LINNES FINNEY, JR., ESQ.
JULIA A. FARKAS, ESQ.
Greenspoon Marder, P.A.
145 NW Central Park Plaza, Suite 200
Port St. Lucie, FL 34986
Counsel for Plaintiff
PHONE: 772-873-5900
FAX: 772-873-3101
E-SERVICE: linnes.finney@gmlaw.com
           julia.farkas@gmlaw.com
FBN: 353671 / 027740

MICHAEL T. BURKE, ESQ.
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 E. Sunrise Blvd., Suite 1000
Ft. Lauderdale, FL 33304
Counsel for Defendant Brown
PHONE: 954-463-0100
FAX: 954-463-2444
E-SERVICE: burke@jambg.com
           cardona@jambg.com
FBN: 338771

HARRIET LEWIS, ESQ.
GARY K. OLDEHOFF, ESQ.
Lewis Stroud & Deutsch, PL
1900 Glades Rd., Suite 251
Boca Raton, FL 33431
Counsel for Defendant Medeiros
PHONE: 561-826-2800 x-101
FAX: 561-826-2828
E-SERVICE: hlewis@lsdlaw.net
           goldehoff@lsdlaw.com
           jwright@lsdlaw.net
           kklein@lsdlaw.net
FBN: 331015 / 449679

BRUCE W. JOLLY, ESQ.
Purdy Jolly & Giuffreda, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
Counsel for Defendant Maiorino
PHONE: 954-462-3200
FAX: 954-462-3861
E-SERVICE:
EMAIL: bruce@purdylaw.com
FBN: 203637

ROBERT H. SCHWARTZ, ESQ.
McIntosh Schwartz, PL
888 SE 3rd Ave., Suite 201
Ft. Lauderdale, FL 33316
Counsel for Defendant Ryan
PHONE: 954-556-1483
FAX: 954-760-9531
E-SERVICE:
EMAIL: rhs@mcintoshschwartz.com
FBN: 301167

OSCAR MARRERO, ESQ.
Marrero & Wyoler
2600 S. Douglas Rd., Ph. 4
Coral Gables, FL 33134
Counsel for Defendant Harris
PHONE: 305-446-5528
FAX:305-446-0995
E-SERVICE:
EMAIL: oem@marrerolegal.com
FBN: 372714

DON STEPHENS, ESQ.
Olds & Stephens, P.A.
312 11th St.
West Palm Beach, FL 33401
Counsel for Defendant Herny
PHONE: 561-832-6814
FAX: 561-832-4766
E-SERVICE:
EMAIL: dstephens@oslegal.com
FBN: 604208

ROBERT OKON, ESQ.
Clarfield, Okon, Salomone & Pincus, P.L.
500 S. Australian Ave., Suite 730
West Palm Beach, FL 33401
Counsel for Defendant Martinez
PHONE: 561-713-1400 x-104
FAX:561-713-1401
E-SERVICE:
EMAIL: rokon@cosplaw.com
FBN: 513873

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendant Boynton Beach
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
          bsmith@rrbpa.com
FBN: 380687

Filing # 35886348 E-Filed 12/23/2015 03:39:46 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

BYRON L. HARRIS, JR.,                                    Case No.:
      Plaintiff,

v.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW MEDEIROS,
STEPHEN MAIORINO, RONALD RYAN,
JUSTIN HARRIS, CORY HERNY,
ALFRED MARTINEZ, and
Other unknown officers,
      Defendants.
_____/

### COMPLAINT

COMES NOW, Plaintiff, BYRON L. HARRIS, JR., by and through his undersigned counsel, and hereby brings this lawsuit against the CITY OF BOYNTON BEACH, and MICHAEL BROWN, MATTHEW MEDEIROS, STEPHEN MAIORINO, RONALD RYAN, JUSTIN HARRIS, CORY HERNY, ALFRED MARTINEZ, and other unknown officers, individually, and as grounds therefore would state:

### JURISDICTION AND PARTIES

1.      This is an action for damages in excess of Fifteen thousand dollars ($15,000.00), exclusive of attorney's fees, costs and interest.

2.      All conditions precedent to bringing this action have occurred or have been performed. The Section 768.28 Notice of Claim has been forwarded and served more than six (6) months ago on the Mayor of the City of Boynton Beach and related entities. See attached Exhibit "A".



3.   Plaintiff's claims arise pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of his rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, and well as under Florida state law.

4.   Plaintiff, BYRON L. HARRIS, JR., (hereinafter "HARRIS") is over the age of eighteen (18), is a resident of Palm Beach County, and is otherwise *sui juris*.

5.   Defendant, CITY OF BOYNTON BEACH, (hereinafter "CITY"), is a municipal corporation formed pursuant to the laws of the State of Florida, located within the confines of Palm Beach County, Florida. As a part of its business and to protect the health, welfare, and well-being of its residents and citizens, including HARRIS, the city operates and maintains a police department and employs a number of individuals as police officers and detectives as described below.

6.   At all times material hereto, Defendant CITY, was and is responsible for the operation, administration, management and oversight of all activities involving the Boynton Beach Police Department and its employees.

7.   At all times material to this Complaint, Defendants MICHAEL BROWN ("BROWN"), MATTHEW MEDEIROS ("MEDEIROS"), STEPHEN MAIORINO ("MAIORINO"), RONALD RYAN ("RYAN"), JUSTIN HARRIS ("J. HARRIS"), CORY HERNY ("HERNY"), ALFRED MARTINEZ ("MARTINEZ"), and other unknown officers, were employees of the Boynton Beach Police Department, and were acting within the course and scope of their employment at the time of the events alleged in this Complaint and are sued individually.

2

8.    At all times material to this Complaint, Defendant CITY employed the Boynton Beach Police Department officers involved in the alleged incident, and the officers were acting in the course and scope of their employment.

9.    In connection with the acts, practices and violations described below, officers MICHAEL BROWN, MATTHEW MEDEIROS, STEPHEN MAIORINO, RONALD RYAN, JUSTIN HARRIS, CORY HERNY, ALFRED MARTINEZ, and other unknown officers directly or indirectly violated Plaintiff HARRIS's constitutional and state rights.

## FACTS

10.    On or about August 20, 2014, Plaintiff Harris was operating his vehicle in the early hours of the morning on Seacrest Boulevard near W. Gateway Boulevard, when Boynton Beach Police Officer Justin Harris spotted Plaintiff's vehicle and tried to pull him over in his marked police cruiser for allegedly running through a stop sign.

11.    Having been stopped by Boynton Beach Police in the past, and being currently on probationary status, Plaintiff became scared and panicked and drove away from the officer's car.

12.    The officer engaged in a pursuit of Plaintiff Harris' vehicle westbound on Gateway Boulevard, and followed him until he approached the Interstate-95 on-ramp.

13.    Another Boynton Beach Officer, Officer Jeff Williams, allegedly attempted to stop Plaintiff's vehicle by exiting his vehicle on Gateway Boulevard and throwing "stop sticks" onto the road; however, Plaintiff's vehicle avoided the stop sticks and continued onto I-95 northbound. It is at that time believed Officer Harris, who was still following Plaintiff's vehicle at a high rate of speed in his police cruiser, struck fellow Officer Jeff Williams as he stood in the street area of Gateway Boulevard. Officer Harris then stopped his vehicle to help Williams.

3

14.     Panicked, Plaintiff Harris continued onto I-95 and was pursued by approximately eight to nine Boynton Beach police cruisers for some time until he exited I-95 southbound at 6th Ave. in Lake Worth and proceeded to A Street. Finally realizing he needed to surrender, Plaintiff's vehicle was stopped at the corner of 6th St. and Elm St., where the driver's side door was rammed shut and blocked by a cruiser driven by Defendant Boynton Beach Officer Michael Brown.

15.     Despite surrendering, yelling "I surrender", and having his hands up off the steering wheel in a position indicating surrender, approximately nine officers swarmed with guns drawn, and violently yanked Plaintiff Harris and his two occupants out of the passenger side of the vehicle, threw them to the ground, and immediately began to hit, punch, kick, knee, "tase," and otherwise repeatedly and violently beat them, while other officers watched without intervening. The actions of the officers violated clearly established and well-settled constitutional rights of Plaintiff.

16.     Unaware that their violent and unnecessary assault was being captured by an overhead Palm Beach County Sheriff's helicopter, the involved officers submitted police reports which were materially false, laden with omissions, and which stated that Plaintiff and his passengers "resisted arrest," refused to exit the vehicle, and otherwise fought with officers attempting to arrest him. Further, such reports falsely indicated Plaintiff had struck Officer Williams with his vehicle, when it was only Officer Harris who had struck Williams.

17.     All of these materially false reports were fabricated and/or colluded between the officers and accepted by Defendant City as being true in an effort to protect themselves against the negative repercussions for their unconstitutional and violent conduct.

4

a.    Each of the individually named officers entered into an agreement to give a false version of the events to investigating authorities and to continue this false version of events.

b.    Each of the individually named officers entered into an agreement to give a false version of the events in order to cover up their excessive force committed against Plaintiff in order to prevent any internal or criminal investigation into their misconduct and deprive Plaintiff of access to court to petition for appropriate redress, thereby facilitating violations of his Fourth Amendment rights.

c.    Defendant CITY, specifically with the knowledge of Police Chief Jeffrey Katz, authorized, tolerated as institutionalized practices and ratified the officers' misconduct by, among other acts:

1.    Failing to properly discipline, restrict, and control employees, including Defendants BROWN, MEDEIROS, MAIORINO, RYAN, HARRIS, HERNY and MARTINEZ; who, based on public records requests, media reports, legal documents and reports and statements made by the police department, were known to be reckless and unnecessarily violent in their treatment of persons in the community, including potential arrestees;

2.    Failing to establish and/or endure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, instead of responding to such complaints with bureaucratic power and official public denials which are/were calculated to mislead the public.

18.    At no point did Plaintiff Harris physically resist the officers' attempts to arrest him once his vehicle was stopped.

19.    At no point did Plaintiff Harris strike Officer Williams with his vehicle.

5

20.     Due the extent of the beating, Plaintiff Harris, who was barely coherent due to multiple blows to the head, was transported to Bethesda Hospital for evaluation.

21.     Plaintiff Harris was charged with aggravated assault on a law enforcement officer, violation of probation, fleeing and eluding police, and resisting arrest without violence.

22.     Upon information and belief, the officers involved in the apprehension of and excessive physical force used on Plaintiff Harris, were all employed by the Boynton Beach Police Department, and were acting in the course and scope of their employment at the time.

21.     As a result of these unconstitutional and tortuous actions by the Defendants, Plaintiff Byron Harris, Jr. sustained numerous serious injuries to his person, abrasions and contusions all over his body, injuries to his neck, head and eyes, and has also suffered great emotional trauma, humiliation and disgrace.

22.     The abuse sustained by Plaintiff Harris due to the excessive and unnecessary force used by Defendant City and its employees is part of a larger and historically repetitive pattern of excessive force, which amounts to an unofficial custom or policy by the City, and which has been adopted and approved by Boynton Beach Police Chief Jeffrey Katz for many years in his position as both head of the Boynton Beach Police Professional Standards Division, and now in his capacity as police chief for City of Boynton Beach.

23.     In each and every year since at least 2009, the City of Boynton Beach Police Department has repeatedly been the subject of numerous civilian complaints and investigations into police misconduct, falsified police reporting, use of excessive force, and "cover ups" for fellow officers. Many of these officers are repeat offenders, who only receive a "slap on the wrist" and then continue the same behavior without fear of repercussions. Moreover, the City has failed to appropriately discipline or prosecute officers for known incidents of excessive force, to

6

investigate complaints of excessive use of force, and to overrule conclusions within the police department in spite of overwhelming evidence that such incidents were unjustified and improper. These are not isolated instances, but make up a pattern and practice of misconduct which have been accepted and/or condoned by Police Chief Jeffrey Katz as a final policymaker for the police department and therefore, the City of Boynton Beach.

24.     Upon information and belief, the named officers involved in the subject incident have been cited or investigated for occasions of similar misconduct, and the City had prior notice of the propensities of Defendants MICHAEL BROWN, MATTHEW MEDEIROS, STEPHEN MAIORINO, RONALD RYAN, JUSTIN HARRIS, CORY HERNY, and ALFRED MARTINEZ to be violent, to falsify police reports, and/or intentionally abuse their positions as police officers, but took no steps to prevent Defendants to correct their abuse of authority or to discourage their unlawful use of authority.

25.     As a direct and proximate result of the Defendants' various actions and inactions, the Plaintiff, Byron Harris, Jr., has suffered substantial injuries and damages, including but not limited to:

a.     Violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive unwanted force, due process of law and equal protection of the law;

b.     Severe physical injury, causing humiliation, emotional distress, pain and suffering, substantial medical and other out-of-pocket expenses, and future medical expenses.

## COUNT I
**(Violation of Civil Rights While Acting Under Color of State Law: 42 U.S.C. Section 1983; Fourth and Fourteenth Amendments – Against Defendant CITY)**

26.     Plaintiff reasserts and realleges Paragraphs 1-25, and incorporates them by reference herein.

27.     This cause of action is brought by Plaintiff HARRIS against Defendant CITY for deprivation by its agents, servants, or employees, namely, BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers of constitutional rights within the meaning of 42 U.S.C. § 1983.

28.     Defendants, BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers, were acting under color of state law, as authorized agents of Defendant CITY, while arresting Plaintiff HARRIS in the furtherance of their duties.

29.     The constitutional violations and deprivations were caused by Defendant CITY's numerous areas of deliberate indifference and/or adopted customs or policies as outlined in Paragraphs 1-25, above including:

a.      custom of condoning alleged instances of police brutality and excessive force without punishing its officers. The above mentioned incident that occurred on August 20, 2014 was not an isolated incident. Defendant CITY has a history of exonerating officers for allegedly using excessive force against its citizens. Officers within the Boynton Beach Police Department are secure in knowing that a reported incident will not result in disciplinary proceedings, and that other officers will stand up for that officer. CITY condones the officers' actions even where citizens have complained that the force is excessive, and Police Chief Jeffrey Katz has publically stated that he "Stands by his officers" on numerous occasions. Prior to August 20, 2014,

Defendant CITY permitted and tolerated the practice of unjustified and unreasonable force by its officers.

b.      failure to enforce compliance with a ensuring accurate and truthful police reports are created following an incident of use of force. CITY condones its officers' submission of embellished, inaccurate and materially false police reports, and officers do not fear punishment for submission of such falsified reports. Prior to August 20, 2014,  Defendant CITY permitted and tolerated the use of false police reports submitted by its officers.

c.      Since at least  2009, refusing to competently and impartially investigate allegations of abuse, dishonesty, and misconduct alleged to have been committed by City of Boynton Beach police officers;

d.      Covering up acts of misconduct and abuse by Boynton Beach Police officers and sanctioning a code of silence by and among officers;

e.      failing to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

f.      failing to adequately supervise the actions of officers under their control and guidance;

g.      condoning and participating in the practice of prosecuting known groundless criminal charges ( i.e. resisting arrest) for the purpose of insulating the City of Boynton Beach and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

h.      condoning and encouraging a conspiracy of silence among their employees for the purpose of concealing and furthering wrongful and illegal conduct by their employees;

9

i.      engaging in the practice and custom of withholding from criminal defendants, judges and prosecutors, known *Brady* evidence unfavorable to their officers in violation of the law and the Constitution.

j.      fostering and encouraging an atmosphere of lawlessness, abusiveness, dishonesty, and unconstitutional misconduct, which by August 20, 2014 and thereafter, represented the unconstitutional policies, practices and customs of the City of Boynton Beach.

30.     The above described actions of Defendants BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers, the policies of Defendant CITY and the practices condoning the use of excessive force and the falsification of police reports while serving as agents, employees, or servants of Defendant CITY, has deprived Plaintiff of his rights and privileges pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

31.     Defendants BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers, violated Plaintiff's civil rights by physically intruding upon and inflicting severe and permanent injury on Plaintiff HARRIS under color of law, with use of such force that was grossly and unreasonably disproportionate in relation to the need for action at the time.

32.     As a direct and proximate result of the above-mentioned unconstitutional acts of the Defendants, while operating as agents, servants, and/or employees of Defendant CITY, and by and through the unconstitutional policies, customs, and/or practices of the Defendant CITY have caused Plaintiff severe physical injury, humiliation, disgrace, emotional distress, pain and suffering, which continues to this day, as well as medical expenses and other out-of-pocket expenses.

WHEREFORE, Plaintiff HARRIS respectfully requests this Honorable Court grant the following relief: Award him compensatory damages, reasonable attorney's fees and costs pursuant to 42 USC § 1988, a trial by jury on all issues so triable, and award other such and further relief as this Court deems reasonable and just.

## COUNT II
### (State Law Battery – Against Defendant CITY)

33.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

34.     On or about August 20, 2014 Boynton Beach Police Officers BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers acting in the course and scope of their employment at that time and place, did intentionally batter, touch, and/or otherwise strike Plaintiff HARRIS without consent of Plaintiff HARRIS and against his will.

35.     Defendant CITY is vicariously liable for the actions of officers BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers who were present at that time.

36.     The conduct of BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers for which the City is responsible, as set forth above, was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. Each battery as set forth above was accomplished by an abuse of BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers' position as law enforcement officers employed by the City.

11

37.     The actions of BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY, and MARTINEZ, and other unknown officers caused physical harm and were committed without the Plaintiff's consent.

38.     As a direct and proximate result of the above-mentioned unconstitutional acts of the Defendants, while operating as agents, servants, and/or employees of Defendant CITY, and by and through the unconstitutional policies, customs, and/or practices of the Defendant CITY have caused Plaintiff severe physical injury, physical inconvenience, and in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses in the case and treatment of his injuries.

WHEREFORE, Plaintiff HARRIS respectfully requests this Honorable Court grant the following relief: Award him compensatory damages, a trial by jury on all issues so triable, and award other such and further relief as this Court deems reasonable and just.

## COUNT III
### UNNECESSARY/EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT MICHAEL BROWN, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983, 1988
### (BATTERY - Michael Brown)

39.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

40.     Defendant BROWN, under color of law, did intentionally touch or strike Plaintiff by punching and kicking his face and head without Plaintiff's consent and against his will. Defendant's actions intentionally caused physical harm to Plaintiff.

41.     The conduct of Defendant BROWN towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary and excessive force in

violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983.

42.     As a direct and proximate result of the actions of Defendant BROWN in violation of 42 U.S.C. § 1983, Plaintiff suffered damages which include: physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

43.     Defendant BROWN acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

WHEREFORE Plaintiff demands judgment against Defendant BROWN for any and all damages allowable by law, including but not limited to compensatory and exemplary damages, award of the costs of this action and all costs related thereto, any and all equitable relief allowed by law, and demand a trial by jury of all issues so triable. Plaintiff also demands attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## COUNT IV
### (State Law Battery – Against Defendant BROWN)

44.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

45.     On or about August 20, 2014, Defendant BROWN, acting in the course and scope of his employment at that time and place, did batter, touch, and/or otherwise strike Plaintiff HARRIS without consent of Plaintiff HARRIS and against his will.

45.     The conduct of Defendant BROWN was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. BROWN'S battery of Plaintiff, as set forth above, was accomplished by an abuse of BROWN'S position as a law enforcement officer employed by CITY.

13

46.     As a direct and proximate result of the actions of Defendant BROWN, Plaintiff HARRIS suffered damages which include physical suffering, physical inconvenience, and in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses in the case and treatment of his injuries.

WHEREFORE, Plaintiff BYRON L. HARRIS, JR., demands judgment against the Defendant BROWN for compensatory damages and costs of this action and requests a jury trial on all issues so triable.

### COUNT V
### UNNECESSARY/EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT MATTHEW MEDEIROS, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983, 1988
### (BATTERY – Matthew Medeiros )

47.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

48.     Defendant MEDEIROS, under color of law, did intentionally touch or strike Plaintiff by punching and kicking his face, body, arms, legs, and/or head without Plaintiff's consent and against his will. Defendant's actions intentionally caused physical harm to Plaintiff.

49.     The conduct of Defendant MEDEIROS towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary and excessive force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983.

50.     As a direct and proximate result of the actions of Defendant MEDEIROS in violation of 42 U.S.C. § 1983, Plaintiff suffered damages which include: physical suffering,

14

physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

51.     Defendant MEDEIROS acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

WHEREFORE Plaintiff demands judgment against Defendant MEDEIROS for any and all damages allowable by law, including but not limited to compensatory and exemplary damages, award of the costs of this action and all costs related thereto, any and all equitable relief allowed by law, and demand a trial by jury of all issues so triable. Plaintiff also demands attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

**COUNT VI**
**( State Law Battery – Against Defendant MEDEIROS)**

52.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

53.     On or about August 20, 2014, Defendant MEDEIROS, acting in the course and scope of his employment at that time and place, did batter, touch, and/or otherwise strike Plaintiff HARRIS without consent of Plaintiff HARRIS and against his will.

54.     The conduct of Defendant MEDEIROS was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. MEDEIROS' battery of Plaintiff, as set forth above, was accomplished by an abuse of MEDEIROS' position as a law enforcement officer employed by CITY.

55.     As a direct and proximate result of the actions of Defendant MEDEIROS, Plaintiff HARRIS suffered damages which include physical suffering, physical inconvenience, and in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense,

15

loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses in the case and treatment of his injuries.

WHEREFORE, Plaintiff BYRON L. HARRIS, JR., demands judgment against the Defendant MEDEIROS for compensatory damages and costs of this action and requests a jury trial on all issues so triable.

### COUNT VII
### UNNECESSARY/EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT STEPHEN MAIORINO, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983, 1988 (BATTERY – Stephen Maiorino )

56.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

57.     Defendant MAIORINO, under color of law, did intentionally touch or strike Plaintiff by punching and kicking his face, body, arms, legs, and/or head without Plaintiff's consent and against his will. Defendant's actions intentionally caused physical harm to Plaintiff.

58.     The conduct of Defendant MAIORINO towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary and excessive force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983.

59.     As a direct and proximate result of the actions of Defendant MAIORINO in violation of 42 U.S.C. § 1983, Plaintiff suffered damages which include: physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

60.     Defendant MAIORINO acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

16

WHEREFORE Plaintiff demands judgment against Defendant MAIORINO for any and all damages allowable by law, including but not limited to compensatory and exemplary damages, award of the costs of this action and all costs related thereto, any and all equitable relief allowed by law, and demand a trial by jury of all issues so triable. Plaintiff also demands attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## COUNT VIII
### ( State Law Battery – Against Defendant MAIORINO)

61.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

62.     On or about August 20, 2014, Defendant MAIORINO, acting in the course and scope of his employment at that time and place, did batter, touch, and/or otherwise strike Plaintiff HARRIS without consent of Plaintiff HARRIS and against his will.

63.     The conduct of Defendant MAIORINO was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. MAIORINO'S battery of Plaintiff, as set forth above, was accomplished by an abuse of MAIORINO'S position as a law enforcement officer employed by CITY.

64.     As a direct and proximate result of the actions of Defendant MAIORINO, Plaintiff HARRIS suffered damages which include physical suffering, physical inconvenience, and in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses in the case and treatment of his injuries.

17

WHEREFORE, Plaintiff BYRON L. HARRIS, JR., demands judgment against the Defendant MAIORINO for compensatory damages and costs of this action and requests a jury trial on all issues so triable.

### COUNT IV
### UNNECESSARY/EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT RONALD RYAN, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983, 1988
### (BATTERY ~ Ronald Ryan )

65.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

66.     Defendant RYAN, under color of law, did intentionally touch or strike Plaintiff by punching and kicking his face, body, arms, legs, and/or head without Plaintiff's consent and against his will. Defendant's actions intentionally caused physical harm to Plaintiff.

67.     The conduct of Defendant RYAN towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary and excessive force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983.

68.     As a direct and proximate result of the actions of Defendant RYAN in violation of 42 U.S.C. § 1983, Plaintiff suffered damages which include: physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

69.     Defendant RYAN acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

WHEREFORE Plaintiff demands judgment against Defendant RYAN for any and all damages allowable by law, including but not limited to compensatory and exemplary damages, award of the costs of this action and all costs related thereto, any and all equitable relief allowed

18

by law, and demand a trial by jury of all issues so triable. Plaintiff also demands attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## COUNT X
### ( State Law Battery – Against Defendant RYAN)

70.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

71.     On or about August 20, 2014, Defendant RYAN, acting in the course and scope of his employment at that time and place, did batter, touch, and/or otherwise strike Plaintiff HARRIS without consent of Plaintiff HARRIS and against his will.

72.     The conduct of Defendant RYAN was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. RYAN'S battery of Plaintiff, as set forth above, was accomplished by an abuse of RYAN'S position as a law enforcement officer employed by CITY.

73.     As a direct and proximate result of the actions of Defendant RYAN, Plaintiff HARRIS suffered damages which include physical suffering, physical inconvenience, and in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses in the case and treatment of his injuries.

WHEREFORE, Plaintiff BYRON L. HARRIS, JR., demands judgment against the Defendant RYAN for compensatory damages and costs of this action and requests a jury trial on all issues so triable.

## COUNT XI
### UNNECESSARY/EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT JUSTIN HARRIS  INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983, 1988 (BATTERY Justin Harris )

19

74.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

75.     Defendant J. HARRIS, under color of law, did intentionally touch or strike Plaintiff by punching and kicking his face, body, arms, legs, and head without Plaintiff's consent and against his will. Defendant's actions intentionally caused physical harm to Plaintiff.

76.     The conduct of Defendant J. HARRIS towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary and excessive force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983.

77.     As a direct and proximate result of the actions of Defendant J. HARRIS in violation of 42 U.S.C. § 1983, Plaintiff suffered damages which include: physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

78.     Defendant J. HARRIS acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

WHEREFORE Plaintiff demands judgment against Defendant J. HARRIS for any and all damages allowable by law, including but not limited to compensatory and exemplary damages, award of the costs of this action and all costs related thereto, any and all equitable relief allowed by law, and demand a trial by jury of all issues so triable. Plaintiff also demands attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## COUNT XII
### ( State Law Battery – Against Defendant J. HARRIS)

79.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

80.    On or about August 20, 2014, Defendant J. HARRIS, acting in the course and scope of his employment at that time and place, did batter, touch, and/or otherwise strike Plaintiff HARRIS without consent of Plaintiff HARRIS and against his will.

81.    The conduct of Defendant J. HARRIS was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. MAIORINO'S battery of Plaintiff, as set forth above, was accomplished by an abuse of MAIORINO'S position as a law enforcement officer employed by CITY.

82.    As a direct and proximate result of the actions of Defendant J. HARRIS, Plaintiff HARRIS suffered damages which include physical suffering, physical inconvenience, and in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses in the case and treatment of his injuries.

WHEREFORE, Plaintiff BYRON L. HARRIS, JR., demands judgment against the Defendant J. HARRIS for compensatory damages and costs of this action and requests a jury trial on all issues so triable.

## COUNT XIII
## UNNECESSARY/EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT CORY HERNY, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983, 1988
## (BATTERY – Cory Herny )

83.    Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

84.    Defendant HERNY, under color of law, did intentionally touch or strike Plaintiff by punching and kicking his face, body, arms, legs, and/or head without Plaintiff's consent and against his will. Defendant's actions intentionally caused physical harm to Plaintiff.

21

85.     The conduct of Defendant HERNY towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary and excessive force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983.

86.     As a direct and proximate result of the actions of Defendant HERNY in violation of 42 U.S.C. § 1983, Plaintiff suffered damages which include: physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

87.     Defendant HERNY acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

WHEREFORE Plaintiff demands judgment against Defendant HERNY for any and all damages allowable by law, including but not limited to compensatory and exemplary damages, award of the costs of this action and all costs related thereto, any and all equitable relief allowed by law, and demand a trial by jury of all issues so triable. Plaintiff also demands attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## COUNT XIV
### ( State Law Battery – Against Defendant HERNY)

88.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

89.     On or about August 20, 2014, Defendant HERNY, acting in the course and scope of his employment at that time and place, did batter, touch, and/or otherwise strike Plaintiff HARRIS without consent of Plaintiff HARRIS and against his will.

90.     The conduct of Defendant HERNY was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment.

22

HERNY'S battery of Plaintiff, as set forth above, was accomplished by an abuse of HERNY'S position as a law enforcement officer employed by CITY.

91.     As a direct and proximate result of the actions of Defendant HERNY, Plaintiff HARRIS suffered damages which include physical suffering, physical inconvenience, and in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses in the case and treatment of his injuries.

WHEREFORE, Plaintiff BYRON L. HARRIS, JR., demands judgment against the Defendant HERNY for compensatory damages and costs of this action and requests a jury trial on all issues so triable.

### COUNT XV
### UNNECESSARY/EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT ALFRED MARTINEZ, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983, 1988 (BATTERY – Alfred Martinez)

92.     Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

93.     Defendant MARTINEZ, under color of law, did intentionally touch or strike Plaintiff by punching and kicking his face, body, arms, legs, and/or head without Plaintiff's consent and against his will. Defendant's actions intentionally caused physical harm to Plaintiff.

94.     The conduct of Defendant MARTINEZ towards Plaintiff, as more fully set forth above, was objectively unreasonable and constituted unnecessary and excessive force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983.

23

95.    As a direct and proximate result of the actions of Defendant MARTINEZ in violation of 42 U.S.C. § 1983, Plaintiff suffered damages which include: physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

96.    Defendant MARTINEZ acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

WHEREFORE Plaintiff demands judgment against Defendant MARTINEZ for any and all damages allowable by law, including but not limited to compensatory and exemplary damages, award of the costs of this action and all costs related thereto, any and all equitable relief allowed by law, and demand a trial by jury of all issues so triable. Plaintiff also demands attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## COUNT XVI
### ( State Law Battery – Against Defendant MARTINEZ)

97.    Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

98.    On or about August 20, 2014, Defendant MARTINEZ, acting in the course and scope of his employment at that time and place, did batter, touch, and/or otherwise strike Plaintiff HARRIS without consent of Plaintiff HARRIS and against his will.

99.    The conduct of Defendant MARTINEZ was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. MARTINEZ'S battery of Plaintiff, as set forth above, was accomplished by an abuse of MARTINEZ'S position as a law enforcement officer employed by CITY.

100.    As a direct and proximate result of the actions of Defendant MARTINEZ, Plaintiff HARRIS suffered damages which include physical suffering, physical inconvenience,

24

and in the past and will continue to suffer into the future aggravation of a pre-existing condition,

pain and suffering, disability, disfigurement, impairment of working ability, medical expense,

loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will

continue to incur medical expenses in the case and treatment of his injuries.

WHEREFORE, Plaintiff BYRON L. HARRIS, JR., demands judgment against the

Defendant MARTINEZ for compensatory damages and costs of this action and requests a jury

trial on all issues so triable.

### COUNT XVII
**(Violation of Civil Rights while Acting under Color of State Law for Failure to**
**Intervene Under 42 U.S.C. § 1983 – Against Defendants MICHAEL BROWN, MATTHEW**
**MEDEIROS, STEPHEN MAIORINO, RONALD RYAN, JUSTIN HARRIS, CORY**
**HERNY, and ALFRED MARTINEZ)**

101.    Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

102.    This cause of action is brought by Plaintiff BYRON L. HARRIS, JR., against

officers BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY and MARTINEZ,

and other unknown officers, for violating the constitutional rights of Plaintiff. Law enforcement

officers have an affirmative duty to intervene when the officer is aware of constitutional

violations in their presence and where they fail to take reasonable steps to protect the victim of

another officer's use of excessive force.

103.    In the present matter, the Defendant officers owed Plaintiff such a duty and all

were in close enough proximity to express the need to cease the brutal and unreasonable beating

of Plaintiff and his passengers after they had surrendered.

104.    BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY and

MARTINEZ failed to prevent excessive force from being committed against Plaintiff when they

25

had a reasonable opportunity to do so. The Defendants failure to intervene is a violation of the

Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

WHEREFORE Plaintiff demands judgment against Defendants BROWN, MEDEIROS,

MAIORINO, RYAN, J. HARRIS, HERNY and MARTINEZ for any and all damages allowable

by law, including but not limited to compensatory and exemplary damages, award of the costs of

this action and all costs related thereto, any and all equitable relief allowed by law, and demand a

trial by jury of all issues so triable. Plaintiff also demands attorney's fees pursuant to 42 U.S.C. §

1988, and punitive damages.

**COUNT XIX**
**CONSPIRACY**

105.    Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set forth herein.

106.    Plaintiff HARRRIS brings this count against Defendants BROWN, MEDEIROS,

MAIORINO, RYAN, J. HARRIS, HERNY and MARTINEZ for conspiracy to deprive him of

his right to be free from excessive force and rights secured by the United States Constitution

within the meaning of 42 U.S.C. § 1983.

107.    Defendants BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY

and MARTINEZ, along with other unknown officers, agreed to act in concert and acted in

concert with one another to inflict all of the above harms and injuries upon Plaintiff BYRON L.

HARRIS, JR., and to deprive him of his right to be free from excessive force and rights secured

by the United States Constitution, within the meaning of 42 U.S.C. § 1983.

108.    Defendants BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY

and MARTINEZ, along with other unknown officers, formed their agreement and entered into a

conspiracy to: concoct and compose their police reports such that their reported "facts" were

26

essentially the same story; agree to be silent as to the unsolicited and unnecessary use of force on Plaintiff and his passengers after his vehicle had been stopped and he had surrendered; agree to state that Plaintiff resisted arrest; agree to state that Plaintiff struck Officer Williams first with his vehicle, although this was not seen by the officers; and otherwise create an illusion of propriety and to shield themselves from liability and scrutiny for their wrongful, deceitful, and violent actions taken against Plaintiff.

109.    The Defendants objectives could not have been so attained without the agreement and consent of the other officers; without the active involvement of the other officers, and without them acting in concert with one another.

110.    As a result of this conspiracy, Plaintiff sustained great physical and mental pain, fear, anxiety, torment, degradation and emotional distress.

111.    By reason of the aforementioned acts and omissions of Defendants BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY and MARTINEZ, and other unknown officers, Plaintiff incurred medical expenses.

112.    In addition, by reason of the aforementioned acts and omissions of the Defendants BROWN, MEDEIROS, MAIORINO, RYAN, J. HARRIS, HERNY and MARTINEZ, and other unknown officers, Plaintiff was compelled to secure the services of an attorney to redress the wrongs hereinbefore mentioned.

113.    The aforementioned acts and omissions of Defendants were committed by each of the Defendants knowingly and willfully with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights.

WHEREFORE Plaintiff BYRON L. HARRIS, JR., demands judgment against Defendants for any and all damages allowable by law, including but not limited to compensatory

27

and exemplary damages, award of the costs of this action and all costs related thereto, any and all

equitable relief allowed by law, and demand a trial by jury of all issues so triable. Plaintiff also

demands attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED THIS 23rd DAY OF DECEMBER, 2015.

GREENSPOON MARDER, P.A.
145 N.W. Central Park Plaza,
Suite 200
Port St. Lucie, Florida 34986
(772) 873-5900/(772) 873-3101 fax


LINNES FINNEY, JR.
Fla. Bar No.: 353671
Linnes.finney@gmlaw.com
JULIA A. FARKAS
Fla. Bar No.: 027740
Julia.farkas@gmlaw.com
*Attorneys for Plaintiff*

EXHIBIT "A"

**GreenspoonMarder** LAW

888-491-1120
www.gmlaw.com

From the desk of:
Linnes Finney, Jr., Esq.
Unity One Building, Suite 200
145 N.W. Central Park Plaza
Port St. Lucie, Florida 34986
Direct Phone: 772.873.5901
Direct Fax: 772-873-3101
Email: linnes.finney@gmlaw.com

May 5, 2015

VIA CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO. 9314769904300012952844
Boynton Beach Chief of Police
Jeffrey Katz
100 E. Boynton Beach Boulevard
Boynton Beach, FL 33435

> Re:                    Our Client: Byron L. Harris, Jr.
> Date of Incident:      August 20, 2014

## NOTICE OF CLAIM TO GOVERNMENT ENTITY
## PURSUANT TO § 768.28, FLORIDA STATUTES

Dear Chief Katz:

Please be advised that our law firm has been retained to represent Mr. Byron L. Harris, Jr. for injuries he sustained on August 20, 2014 when he was beaten by Boynton Beach Police Officers.

Our information and investigation reveals that on August 20, 2014, at approximately 2:00 a.m., Boynton Beach Police engaged in a high speed pursuit of Byron L. Harris, which extended from Lake Worth onto I-95. Although eventually Byron L. Harris, Jr. voluntarily stopped his vehicle and surrendered, he was dragged out of his vehicle and brutally beaten by at least five Boynton Beach Police Officers. He suffered multiple bodily injuries including severe injuries to his head and eyes from being kicked, punched and beaten. The incident was captured by an overhead Palm Beach County Sheriff's Office helicopter, which appears to contradict the BBPD officers' accounts of what happened.

Our position is that the involved officers violated the civil rights of Byron L. Harris, Jr., and that Boynton Beach Police Department has engaged in a policy and practice of overlooking and condoning such brutal and excessive force by its officers, and overlooking and accepting knowingly falsified police reports. Moreover, Boynton Beach Police Department was negligent in its hiring, training, retention, supervising and monitoring of the officers involved in this matter with knowledge that these officers had done similar offensive acts in the past.

Boynton Beach Chief of Police
May 5, 2015
Page No. 2

Please be advised that pursuant to the requirements of Florida Statutes § 768.28 that a claim is being made against you and the Boynton Beach Police Department arising out of the incident which occurred on the above date.

As required by Florida Statute § 768.28(c), the following information is also provided:

Claimant's date of birth: ███████
Claimant's place of birth: Boynton Beach, FL
Claimant's social security number: ███████

Adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $200 owed by Claimant to the state, its agency, officer or subdivision:

(1)    Case Style:
       Tribunal:
       Nature and amount of judgment:

       None known at this time.

This law firm requests that Boynton Beach Police Department preserve any evidence involved with this incident. Please forward this letter to your claims representative. Your anticipated cooperation and prompt response would be greatly appreciated.

Very truly yours,

GREENSPOON MARDER, P.A.

Linnes Finney, Jr., Esq.
For the Firm

Cc: Insurance Commissioner of the State of Florida

# GreenspoonMarder LAW

**888-491-1120**
**www.gmlaw.com**

From the desk of:
Linnes Finney, Jr., Esq.
Unity One Building, Suite 200
145 N.W. Central Park Plaza
Port St. Lucie, Florida 34986
Direct Phone: 772.873.5901
Direct Fax: 772-873-3101
Email: linnes.finney@gmlaw.com

May 8, 2015

**VIA CERTIFIED MAIL RETURN RECEIPT**
**REQUESTED NO. 93147699043000130758 32**
City of Boynton Beach
Mayor Jerry Taylor
100 E. Boynton Beach Blvd.
P.O. Box 310
Boynton Beach, FL 33435-0310

|  |  |
|---|---|
| Re: | Our Client: Byron L. Harris, Jr. |
| Date of Incident: | August 20, 2014 |

## NOTICE OF CLAIM TO GOVERNMENT ENTITY
## PURSUANT TO § 768.28, FLORIDA STATUTES

Dear Mayor Taylor:

Please be advised that our law firm has been retained to represent Mr. Byron L. Harris, Jr. for injuries he sustained on August 20, 2014 when he was beaten by Boynton Beach Police Officers.

Our information and investigation reveals that on August 20, 2014, at approximately 2:00 a.m., Boynton Beach Police engaged in a high speed pursuit of Byron L. Harris, which extended from Lake Worth onto I-95. Although eventually Byron L. Harris, Jr. voluntarily stopped his vehicle and surrendered, he was dragged out of his vehicle and brutally beaten by at least five Boynton Beach Police Officers. He suffered multiple bodily injuries including severe injuries to his head and eyes from being kicked, punched and beaten. The incident was captured by an overhead Palm Beach County Sheriff's Office helicopter, which appears to contradict the BBPD officers' accounts of what happened.

Our position is that the involved officers violated the civil rights of Byron L. Harris, Jr., and that Boynton Beach Police Department has engaged in a policy and practice of overlooking and condoning such brutal and excessive force by its officers, and overlooking and accepting knowingly falsified police reports. Moreover, Boynton Beach Police Department was negligent in its hiring, training, retention, supervising and monitoring of the officers involved in this matter

Mayor Jerry Taylor
May 8, 2015
Page No. 2

with knowledge that these officers had done similar offensive acts in the past.

Please be advised that pursuant to the requirements of Florida Statutes § 768.28 that a claim is being made against you and the Boynton Beach Police Department arising out of the incident which occurred on the above date.

As required by Florida Statute § 768.28(c), the following information is also provided:

Claimant's date of birth:
Claimant's place of birth:       Boynton Beach, FL
Claimant's social security number:

Adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $200 owed by Claimant to the state, its agency, officer or subdivision:

(1)     Case Style:
        Tribunal:
        Nature and amount of judgment:

        None known at this time.

This law firm requests that Boynton Beach Police Department preserve any evidence involved with this incident. Please forward this letter to your claims representative. Your anticipated cooperation and prompt response would be greatly appreciated.

Very truly yours,

GREENSPOON MARDER, P.A.

Linnes Finney, Jr., Esq.
For the Firm

Cc: Insurance Commissioner of the State of Florida

22508305.1