16-110/nsm/jsg

**IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO.: 50 2015 CA 014268 XXXX MB AJ**

BYRON L. HARRIS, JR.

    Plaintiff,

vs.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW MEDEIROS,
STEPHEN MAIORINO, RONALD RYAN,
JUSTIN HARRIS, CORY HERNY,
ALFRED MARTINEZ, and
Other unknown officers,

    Defendants.
_____/

**DEFENDANT, CITY OF BOYNTON BEACH'S, MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

  Defendant, CITY OF BOYNTON BEACH (hereinafter "City"), by and through its

undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Florida Rule

of Civil Procedure 1.140(b), hereby files this, its Motion to Dismiss Plaintiff, BYRON

HARRIS', Complaint, and states as follows:

**I. Introduction**

  On December 23, 2015, Plaintiff filed a Complaint consisting of nineteen (19) counts

against eight (8) named defendants as well as "[o]ther unknown officers." Of the nineteen

counts which Plaintiff has attempted to set forth, two (2) are directed at City. Plaintiff's first

count against City, Count I of the Complaint, attempts to state a cause of action for "Violation of

Civil Rights While Acting Under Color of State Law" under 42 U.S.C. §1983 and the Fourth and


EXHIBIT
B

Fourteenth Amendments of the United States Constitution.  Plaintiff's second count against City, Count II of the Complaint, attempts to state a cause of action for "State Law Battery."  A true and correct copy of Plaintiff's Complaint is attached hereto as *Exhibit A.*

Count I of Plaintiff's Complaint alleges that Plaintiff's constitutional rights were deprived and violated by City's police officers, Defendants, MICHAEL BROWN, MATTHEW MEDEIROS, STEPHEN MAIORINO, RONALD RYAN, JUSTIN HARRIS, CORY HERNY, and ALFRED MARTINEZ, as well as other unknown officers, while they arrested him following a high speed chase in Boynton Beach, Florida on or about August 20, 2014.  Plaintiff further alleges that these constitutional violations and deprivations were the result of "numerous areas of deliberate indifference and/or adopted customs or policies" on the part of City.

Count II of Plaintiff's Complaint alleges that the above-mentioned individual officers intentionally battered Plaintiff without his consent.  Plaintiff further alleges that City is vicariously liable for the actions of its officers, which Plaintiff contends constituted excessive force committed during the course and scope of the officers' employment for City.

As set forth below, Count I of Plaintiff's Complaint, which requires the application of federal law[1], and Count II of Plaintiff's Complaint, which requires the application of Florida law, each fail to state a cause of action against City.  As set forth in Plaintiff's Complaint, Plaintiff has failed to satisfy the pleading requirements for a claim under 42 U.S.C. §1983 by failing to allege sufficient allegations to support his claim for a deprivation of his Constitutional rights against City.  Furthermore, in light of Plaintiff's allegations against the individual Defendant officers, Plaintiff is precluded from bringing a state law battery claim against City based upon Florida's sovereign immunity statute set forth in §768.28(9), *Fla. Stat.*  Therefore, Counts I and

---

[1] City has sought removal of this action to federal court pursuant to 28 U.S.C. §§1331, 1441(a), and 1446(b)(3).

II of Plaintiff's Complaint should be dismissed and City should be dismissed as a party defendant from this action.

## II.  Standard for Dismissal

### a.  Federal standard

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and while the rule does not require "detailed factual allegations[,]" the factual allegations set forth are required to "raise a right to belief above the speculative level[.]" *Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 570). Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 679.

When considering a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Rule 12(b)(6), Fed. R. Civ. P.; Jackson v. Okaloosa County,* 21 F. 3d 1531, 1534 (11th Cir. 1994). Although factual allegations must be accepted as true, for the purposes of the motion, a court is not required to accept conclusory allegations and unwarranted factual deductions as true. *Gersten v. Rundle,* 833 F. Supp. 906, 910 (S.D. Fla. 1993). Moreover, a court may not assume that a plaintiff can prove facts that the plaintiff has not alleged or that a defendant has violated laws in ways that have not been alleged. *See Beck v. Interstate Brands Corp.,* 953 F. 2d 1275, 1276 (11th Cir. 1992). Likewise, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *See B.H. Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed 2d 209 (1986). Although the federal rules ascribe

3

to liberality in pleadings, bald assertions and conclusions of law will not defeat a properly supported motion to dismiss. *See Leeds v. Meltz,* 85 F. 3d 51, 53 (2d Cir. 1996).

### b. Florida standard

"In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." *Garnac Grain Co., Inc. v. Mejia,* 962 So. 2d 408, 410 (Fla. 4th DCA 2007). "A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts." *South Riverwalk Investments, LLC v. City of Ft. Lauderdale,* 934 So. 2d 620, 622 (Fla. 4th DCA 2006). However, "[a] court may not go beyond the four corners of the complaint" in determining the sufficiency of the pleadings. *Mejia,* 962 So. 2d at 410; *see also Kreizinger v. Schlesinger,* 925 So. 2d 431, 432-33 (Fla. 4th DCA 2006). A motion to dismiss does not admit allegations that are contradicted by the record or by matters of which the court may take judicial notice. *Byrne Realty Co. v. South Florida Farms Co.,* 89 So. 318, 327 (Fla. 1921); *Mills v. Ball,* 372 So. 2d 497, 498 (Fla. 1st DCA 1979).

"When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint." *Duke v. HSBC Mortg. Servs., LLC*, 79 So. 3d 778, 780 (Fla. 4th DCA 2011) (*citing BAC Funding Consortium, Inc. v. Jean-Jacques,* 28 So. 3d 936, 938 (Fla. 2d DCA 2010)); *Khan v. Bank of America*, 58 So. 3d 927, 927 (Fla. 5th DCA 2011). Thus, because exhibits attached to a complaint are controlling, where allegations of a complaint are contradicted by exhibits, the exhibits control. *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994).

### III. Plaintiff fails to state a claim under 42 U.S.C. §1983

A municipality may only be liable under 42 U.S.C. §1983 if one of its customs or policies

4

deprives an individual of his or her federal constitutional rights, but a municipality cannot be liable under §1983 on the basis of *respondeat superior. See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Griffin v. City of Opa Locka*, 261 F. 3d 1295, 1307 (2001).  A municipality is liable under §1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell*, 436 U.S. at 694; *Mercado v. City of Orlando*, 407 F. 3d 1152, 1161 (11th Cir. 2005); *see also Cooper v. Dillion*, 403 F. 3d 1208, 1221 (11th Cir. 2005)("[T]he plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom.").   A plaintiff must show that the municipality's deliberate action was taken with the "requisite degree of culpability and demonstrate a direct causal link between the action and the deprivation of federal rights"; it is not enough to merely identify conduct attributable to the employees of a municipality. *Bd. of Cty. Com'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 404 (1997).

"A plaintiff... has two methods by which to establish a [municipality's] policy: identify either (1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the [municipality] shown through the repeated acts of a final policymaker for the [municipality]." *Grech v. Clayton County*, 335 F. 3d 1326, 1329 (11th Cir. 2003).   In order demonstrate the existence of a policy, a plaintiff must demonstrate a decision officially adopted by a municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. *See Sewell v. Town of Lake Hamilton,* 117 F. 3d 488, 489 (11th Cir. 1997).   In order to prove municipal liability under §1983 based upon a custom, "a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Brown*

*v. City of Ft. Lauderdale*, 923 F. 2d 1474, 1481 (11th Cir. 1991) (*quoting City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988)); *Monell*, 436 U.S. at 691.   Random or isolated incidents do not establish a custom or policy and failure to stop such isolated incidents does not amount to tacit authorization. *Depew v. City of St. Mary's*, 787 F. 2d 1496, 1499 (11th Cir. 1986).

A municipality's failure to correct constitutionally offensive actions of its employees can rise to the level of a custom or policy "if the municipality tacitly authorizes these actions or displays *deliberate indifference*" towards the misconduct. *Brooks v. Scheib*, 813 F. 2d 1191, 1193 (11th Cir. 1987) [Emphasis added].   "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (*citing Brown*, 520 U.S. at 410). "Deliberate indifference" is a high standard of proof made "intentionally onerous" because "imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to *respondeat superior* liability – a result never intended by section 1983." *Gold v. City of Miami*, 151 F. 3d 1346, 1351 at n. 10 (11th Cir. 1998).

"To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold*, 151 F. 3d at 1351 (internal citations omitted); *see also Gomez v. Lozano*, 759 F. Supp 2d 1335, 1338 (S.D. Fla. 2011)( To show deliberate indifference to the rights of those with whom police interact in order to state a §1983 failure to train claim, a plaintiff must show a pattern of improper training and the municipality's awareness of the training program's deficiencies.).   However, "without notice of a need to train or supervise in a particular area, a

municipality is not liable as a matter of law for any failure to train and supervise." *Id.* "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick,* 563 U.S. at 61. A municipality may be put on notice of a need to train or supervise in two ways: (1) "if the [municipality] is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, it is considered to be deliberately indifferent"; and (2) "deliberate indifference may be proven without evidence of prior incidents, if the likelihood for constitutional violation is so high that the need for training would be obvious." *Lewis v. City of West Palm Beach,* 561 F. 3d 1288, 1293 (11th Cir. 2009).

Here, Plaintiff has failed to sufficiently allege how the execution of a custom or policy of City has resulted in the deprivation of his constitutional rights. Rather, Plaintiff is seeking to impose vicarious liability on City under the guise of a §1983 claim. Plaintiff has set forth a litany of generally stated conclusory allegations in a failed effort to support the claim that his alleged "constitutional violations and deprivations were caused by City's *numerous areas* of deliberate indifference *and/or* adopted customs *or* policies..." *Exh. A* at ¶29 [Emphasis added]. As is clear from Plaintiff's use of the conjunction "and/or" in stating his claim against City, Plaintiff has not identified the custom or policy of City which forms the basis of his claim, but instead has taken a "see what sticks" approach by setting forth various conclusory allegations lacking the requisite factual support. Without identifying the specific policy or policies which allegedly caused Plaintiff's alleged Constitutional violation, Plaintiff is merely seeking to improperly subject City to *respondeat superior* liability. *See Gold,* 151 F. 3d at 1351. Plaintiff has failed to set forth a cause of action demonstrating a direct causal link between the action(s) of City and the alleged deprivation of his federal rights; he has merely alleged conduct attributable only to the individual Defendant officers. *See Brown,* 520 U.S. at 404.

In order to state his claim against City, Defendant is required to establish a policy of City by either identifying an officially promulgated policy, or an unofficial custom or practice of City through repeated acts of Chief Katz, the final policymaker alleged by Plaintiff. *See Grech*, 335 F. 3d at 1329. Nowhere in Plaintiff's allegations against City has Plaintiff alleged that the conduct of the individual Defendant officers was the result of an official decision made by City to adopt or implement a policy. Thus, Plaintiff has failed to support its §1983 claim against City by identifying an officially promulgated policy.

The other manner of establishing a policy – showing an unofficial custom or practice shown through the repeated acts of a final policymaker – would require Plaintiff make allegations sufficient to demonstrate a widespread practice so permanent and well settled that it constitutes a "custom or usage" with the force of law. *See Brown*, 923 F. 3d at 1481. Again, Plaintiff has failed to make factually sufficient allegations to support the claim that the alleged Constitutional violations were the result of an unofficial custom or practice of City. Throughout the Complaint, Plaintiff claims that the incident of August 20, 2014 was not an isolated incident, but cites to no other similar past incidents to support his claim that City had a custom or policy in place which resulted in Plaintiff's alleged constitutional violation. Plaintiff only makes general claims and allegations, such as: City accepted false police reports (*Exh. A* at ¶17); City, with the knowledge of Chief Katz, failed to properly, discipline, restrict, and control employees known to be reckless and violent (*Id.* at ¶17.c.1); City failed to establish a system for dealing with complaints of police misconduct (*Id.* at ¶17.c.2); City, through Chief Katz, adopted an unofficial custom or policy of excessive force (*Id.* at ¶22); and City failed to investigate claims of excessive force and failed to appropriately discipline officers for same (*Id.* at ¶23). Yet despite all of these conclusory allegations, Plaintiff did not cite to any instances of falsified reports, improper

8

discipline, inadequate handling of complaints of misconduct, etc., which would lend support to his claim under §1983.

Plaintiff further sets forth several general allegations which he claims demonstrate customs or policies sufficient to state a claim under §1983 in paragraph 29(a)-(j) of his Complaint, including failure to train (*Id.* at ¶29(e)), but once again these are mere conclusory accusations without factually supportive allegations. Specifically, with regard to Plaintiff's claim that City failed to train its officers in the use of reasonable force, Plaintiff has failed to present any sufficient factual allegations demonstrating that City knew of a need to train its officers in this area and made the deliberate choice not to, nor has Plaintiff alleged any facts to demonstrate the existence of a pattern of improper training and City's awareness of its deficiencies. *See Gold,* 151 F. 3d at 1351; *Gomez,* 759 F. Supp. at 1335. Additionally, as Plaintiff has not sufficiently identified how City has allegedly failed to train its officers, it cannot be said that the likelihood of a constitutional violation as a result thereof is so high that the need for training was obvious. *See Lewis,* 561 F. 3d at 1293. Thus, as Plaintiff has failed to set forth sufficient allegations to demonstrate that City was on notice of a need to train its officers in the use of force and deliberately chose not to do so, as a matter of law Plaintiff has failed to state a failure to train claim against City.

Moreover, Plaintiff has failed to allege how Chief Katz, as a final policymaker, has engaged in repeated acts to demonstrate that City had in place any Constitutionally offensive policies, as is required. *See Grech,* 335 F. 3d at 1329. Plaintiff has only conclusively alleged that City's officers have exhibited a pattern and practice of misconduct accepted or condoned by Chief Katz. *Exh. A* at ¶23. However, this is a mere conclusion which is insufficient to "unlock the doors of discovery" for Plaintiff. *See Ashcroft,* 556 U.S. at 679.

Additionally, Plaintiff has failed to satisfy the "deliberate indifference" standard by failing to allege sufficient factual allegations to demonstrate that City knew of a need to train and/or supervise and deliberately opted not to do so. *See Gold,* 151 F. 3d at 1351. To this end, Plaintiff only claims (again, without factually sufficient supporting allegations) that City had prior notice that the individually named Defendant officers had propensities "to be violent, to falsify police reports, and/or intentionally abuse their positions as police officers, but took no steps to prevent Defendants or correct their abuse of authority or to discourage their unlawful use of authority." *Id.* at 24. There are no allegations throughout Plaintiff's Complaint which cite any incidents of the violent behavior, falsification of reports, or abuse of authority of which Plaintiff complains, nor are there any allegations setting forth the manner or means by which City was ever notified of such issues.

Plaintiff's Complaint consists of a great many general accusations against City of "institutionalized practices," "unofficial custom(s) or polic(ies)... adopted and approved by [City] Chief Jeffrey Katz," and "a pattern and practice of misconduct... accepted and/or condoned by Police Chief Jeffrey Katz as a final policymaker[.]" *See Exh. A* at ¶¶17(c), 22, and 23. Plaintiff further alleges that "[t]hese are not isolated instances" and that "City had prior notice of the propensities of the [individual Defendant officers] to be violent, falsify police reports, and/or intentionally abuse their positions as police officers," but took no remedial measures. *Id.* at ¶¶23-24. Yet these accusations amount to no more than conclusory allegations, as Plaintiff has failed set forth any factual support for these claims. Therefore, without more, Plaintiff's Complaint is insufficient and this Court is not permitted to assume that City has violated Plaintiff's Constitutional rights in ways which have not been alleged. *See Twombly,* 550 U.S. at 555; *Ashcroft,* 556 U.S. at 679; *Gersten,* 833 F. Supp. at 910; *Beck,* 953 F. 2d at 1276.

Moreover, with the exception of Plaintiff's bald, conclusory claims that the acts or omissions alleged are not isolated incidents and are part of a pattern or practice, there are no factual allegations sufficient to show that the actions alleged by Plaintiff were not random or isolated occurrences, and such incidents do not rise to the level of a custom or policy. *See Depew,* 787 F. 2d at 1499.

Plaintiff's Complaint is founded entirely upon conclusory allegations devoid of factual support to demonstrate a pattern or practice of actions by City in violation of constitutional rights so as to show a custom or policy of City which is sufficient to give rise to Plaintiff's §1983 claim. Plaintiff is required to demonstrate that City took deliberate action which was directly causally linked to the deprivation of his federal rights, but he has failed to make allegations sufficient to do so. As such, Plaintiff's Complaint would require an assumption that City has committed violations in ways which have not been alleged. As a result of these pleading deficiencies, it would appear as though Plaintiff is seeking to simply impose vicarious liability upon City for the alleged actions of its officers on August 20, 2014. However, a municipality cannot be liable under §1983 on the basis of *respondeat superior* and can only be liable when the execution of its policy or custom inflicts the claimed injury. Plaintiff has failed to adequately identify the policy it claims caused his injury; has failed to identify how the City, or its final policy maker, implemented such a policy through repeated acts; and how such policy directly caused his injury. As such, Plaintiff has failed to state a cause of action against City for a constitutional violation pursuant to 42 U.S.C. §1983 and, therefore, Count I of Plaintiff's Complaint must be dismissed

**IV. Plaintiff fails to state a claim for battery under Florida law**

Under Florida law, an officer cannot be named as a defendant in any action for any act in

the scope of his or her employment unless he or she acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *§768.28(9)*, *Fla. Stat.* Where an officer commits an act while acting outside the course and scope of his or her employment *or* commits an act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard, the state or its subdivisions shall not be liable in tort for the acts of the officer. *Id.* Therefore, pursuant to §768.28(9), *Fla. Stat.*, in order to bring a claim for battery against an individual officer, the plaintiff necessarily must be alleging that the officer acted outside the course and scope of his employment or acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard. Furthermore, pursuant to §768.28(9), *Fla. Stat.*, a plaintiff who brings a battery claim against an individual officer is necessarily barred from bringing a battery claim against the municipal entity which employs the officer.

Indeed, Florida's sovereign immunity statute renders liability for officers and municipalities mutually exclusive. *Perez v. School Bd. of Miami-Dade Cty.,* 917 F. Supp. 2d 1261, 1268 (S.D. Fla. 2013). A municipal entity is immune from suit when its employee does not act within the scope of employment or acts in bad faith or with malicious purpose. *Willis v. Dade County School Bd.*, 411 So. 2d 245, 246 (Fla. 3d DCA 1982). A municipal entity is entitled to sovereign immunity on an arrestee's claims for battery where the arrestee has alleged malicious, wanton, or willful conduct by the police officers employed by the municipal entity. *Moore v. Miami-Dade County,* 502 F. SUpp. 2d 1224, 1235 (S.D. Fla. 2007); *see also Gregory v. Miami-Dade County*, 86 F. Supp. 3d 1333, 1336 (S.D. Fla. 2014)(County was entitled to sovereign immunity under Florida law from any vicarious liability for claims for battery based on the alleged conduct of the county police officer).

In the instant case, Plaintiff alleges that he surrendered to the police verbally as well as by the placement of his hands, yet the officers nevertheless "violently yanked Plaintiff… [from his] vehicle, threw [him] to the ground, and immediately began to hit, punch, kick, knee, 'tase', and otherwise repeatedly and violently beat [him], while other officers watched without intervening." *Exh. A* at ¶15. Plaintiff further described the incident by stating that although he "voluntarily stopped his vehicle and surrendered, he was *dragged* out of his vehicle and *brutally beaten* by at least five [City] [o]fficers." *Id.* at "Exhibit A" and "B." Plaintiff further alleges that these officers thereafter submitted false police reports in an apparent effort to conceal their alleged malfeasance. *See Id.* at ¶¶16-17.

Plaintiff reasserts and re-alleges these allegations under Count II against City. The alleged conduct of the officers during Plaintiff's arrest on August 20, 2014 exceed the standard of being committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights. In light of Plaintiff's allegations, City is immune from liability for Plaintiff's claims under Count II and, thus, dismissal is warranted.

**V.   Conclusion**

For the reasons set forth herein, Plaintiff fails to state any cause of action against City. Count I of Plaintiff's Complaint fails to satisfy the pleading requirements for a claim under 42 U.S.C. §1983. Furthermore, Plaintiff is precluded from bringing Count II based upon Florida's sovereign immunity statute. Therefore, Counts I and II of Plaintiff's Complaint should be dismissed and City should be dismissed as a party defendant from this action.

WHEREFORE, Defendant, CITY OF BOYNTON BEACH, respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint, with prejudice, removing City as a party defendant, and granting any other relief deemed just and proper

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 28th day of January 2016.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendant City of Boynton Beach

LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

14

STYLE:          HARRIS v. CITY OF BOYNTON BEACH, et al.
CASE NO.:       50 2015 CA 014268 XXXX MB AJ
OUR FILE NO.:   16-110

## COUNSEL LIST

LINNES FINNEY, JR., ESQ.
JULIA A. FARKAS, ESQ.
Greenspoon Marder, P.A.
145 NW Central Park Plaza, Suite 200
Port St. Lucie, FL 34986
Counsel for Plaintiff
PHONE: 772-873-5900
FAX: 772-873-3101
E-SERVICE: linnes.finney@gmlaw.com
            julia.farkas@gmlaw.com
FBN: 353671 / 027740

MICHAEL T. BURKE, ESQ.
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 E. Sunrise Blvd., Suite 1000
Ft. Lauderdale, FL 33304
Counsel for Defendant Brown
PHONE: 954-463-0100
FAX: 954-463-2444
E-SERVICE: burke@jambg.com
            cardona@jambg.com
FBN: 338771

HARRIET LEWIS, ESQ.
GARY K. OLDEHOFF, ESQ.
Lewis Stroud & Deutsch, PL
1900 Glades Rd., Suite 251
Boca Raton, FL 33431
Counsel for Defendant Medeiros
PHONE: 561-826-2800 x-101
FAX: 561-826-2828
E-SERVICE: hlewis@lsdlaw.net
            goldehoff@lsdlaw.com
            jwright@lsdlaw.net
            kklein@lsdlaw.net
FBN: 331015 / 449679

BRUCE W. JOLLY, ESQ.
Purdy Jolly & Giuffreda, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
Counsel for Defendant Maiorino
PHONE: 954-462-3200
FAX: 954-462-3861
E-SERVICE:
EMAIL: bruce@purdylaw.com
FBN: 203637

ROBERT H. SCHWARTZ, ESQ.
McIntosh Schwartz, PL
888 SE 3rd Ave., Suite 201
Ft. Lauderdale, FL 33316
Counsel for Defendant Ryan
PHONE: 954-556-1483
FAX: 954-760-9531
E-SERVICE:
EMAIL: rhs@mcintoschwartz.com
FBN: 301167

OSCAR MARRERO, ESQ.
Marrero & Wyoler
2600 S. Douglas Rd., Ph. 4
Coral Gables, FL 33134
Counsel for Defendant Harris
PHONE: 305-446-5528
FAX:305-446-0995
E-SERVICE:
EMAIL: oem@marrerolegal.com
FBN: 372714

DON STEPHENS, ESQ.
Olds & Stephens, P.A.
312 11th St.
West Palm Beach, FL 33401
Counsel for Defendant Herny
PHONE: 561-832-6814
FAX: 561-832-4766
E-SERVICE:
EMAIL: dstephens@oslegal.com
FBN: 604208

ROBERT OKON, ESQ.
Clarfield, Okon, Salomone & Pincus, P.L.
500 S. Australian Ave., Suite 730
West Palm Beach, FL 33401
Counsel for Defendant Martinez
PHONE: 561-713-1400 x-104
FAX:561-713-1401
E-SERVICE:
EMAIL: rokon@cosplaw.net
FBN: 513873

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendant Boynton Beach
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
          bsmith@rrbpa.com
FBN: 380687

16-110/nsm/jsg

**IN THE CIRCUIT COURT OF THE**
**FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO.: 50 2015 CA 014268 XXXX MB AJ**

BYRON L. HARRIS, JR.

       Plaintiff,

vs.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW MEDEIROS,
STEPHEN MAIORINO, RONALD RYAN,
JUSTIN HARRIS, CORY HERNY,
ALFRED MARTINEZ, and
Other unknown officers,

       Defendants.

_____/

## NOTICE OF REMOVAL

    *Please take notice* that Defendant, City of Boynton Beach, a Florida municipal corporation, has filed a notice of removal of this action to the United States District Court for the Southern District of Florida. Defendants, Michael Brown, Matthew Medeiros, Stephen Maiorino, Ronald Ryan, Justin Harris, Cory Herny, and Alfred Martinez, have consented to removal. A copy of that notice is attached hereto as *"Exhibit A."*

    *Please take further notice* that, pursuant to 28 U.S.C. § 1446(d), this Honorable Court "shall proceed no further unless and until the case is remanded."

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to

all parties on the attached Counsel List this 28th day of January 2016.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants City

LYMAN H. REYNOLDS, JR.
Florida Bar No. 380687

2

STYLE:         HARRIS v. CITY OF BOYNTON BEACH, et al.
CASE NO.:      50 2015 CA 014268 XXXX MB AJ
OUR FILE NO.:  16-110

## COUNSEL LIST

LINNES FINNEY, JR., ESQ.
JULIA A. FARKAS, ESQ.
Greenspoon Marder, P.A.
145 NW Central Park Plaza, Suite 200
Port St. Lucie, FL 34986
Counsel for Plaintiff
PHONE: 772-873-5900
FAX: 772-873-3101
E-SERVICE: linnes.finney@gmlaw.com
            julia.farkas@gmlaw.com
FBN: 353671 / 027740

MICHAEL T. BURKE, ESQ.
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 E. Sunrise Blvd., Suite 1000
Ft. Lauderdale, FL 33304
Counsel for Defendant Brown
PHONE: 954-463-0100
FAX: 954-463-2444
E-SERVICE: burke@jambg.com
            cardona@jambg.com
FBN: 338771

HARRIET LEWIS, ESQ.
GARY K. OLDEHOFF, ESQ.
Lewis Stroud & Deutsch, PL
1900 Glades Rd., Suite 251
Boca Raton, FL 33431
Counsel for Defendant Medeiros
PHONE: 561-826-2800 x-101
FAX: 561-826-2828
E-SERVICE: hlewis@lsdlaw.net
            goldehoff@lsdlaw.com
            jwright@lsdlaw.net
            kklein@lsdlaw.net
FBN: 331015 / 449679

BRUCE W. JOLLY, ESQ.
Purdy Jolly & Giuffreda, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
Counsel for Defendant Maiorino
PHONE: 954-462-3200
FAX: 954-462-3861
E-SERVICE:
EMAIL: bruce@purdylaw.com
FBN: 203637

ROBERT H. SCHWARTZ, ESQ.
McIntosh Schwartz, PL
888 SE 3rd Ave., Suite 201
Ft. Lauderdale, FL 33316
Counsel for Defendant Ryan
PHONE: 954-556-1483
FAX: 954-760-9531
E-SERVICE:
EMAIL: rhs@mcintoschwartz.com
FBN: 301167

OSCAR MARRERO, ESQ.
Marrero & Wyoler
2600 S. Douglas Rd., Ph. 4
Coral Gables, FL 33134
Counsel for Defendant Harris
PHONE: 305-446-5528
FAX: 305-446-0995
E-SERVICE:
EMAIL: oem@marrerolegal.com
FBN: 372714

DON STEPHENS, ESQ.
Olds & Stephens, P.A.
312 11th St.
West Palm Beach, FL 33401
Counsel for Defendant Herny
PHONE: 561-832-6814
FAX: 561-832-4766
E-SERVICE:
EMAIL: dstephens@oslegal.com
FBN: 604208

ROBERT OKON, ESQ.
Clarfield, Okon, Salomone & Pincus, P.L.
500 S. Australian Ave., Suite 730
West Palm Beach, FL 33401
Counsel for Defendant Martinez
PHONE: 561-713-1400 x-104
FAX:561-713-1401
E-SERVICE:
EMAIL: rokon@cosplaw.net
FBN: 513873

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL  33409
Counsel for Defendant Boynton Beach
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
         bsmith@rrbpa.com
FBN: 380687

16-110/lhr/rls

**IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO.: 50 2015 CA 014268 XXXX MB AJ**

BYRON L. HARRIS, JR.

        Plaintiff,

vs.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW MEDEIROS,
STEPHEN MAIORINO, RONALD RYAN,
JUSTIN HARRIS, CORY HERNY,
ALFRED MARTINEZ, and
Other unknown officers,

        Defendants.

_____/

### NOTICE OF APPEARANCE

COMES NOW the law firm of ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC, reserving all rights including the right to object to the jurisdiction of this Court, on behalf of Defendant, CITY OF BOYNTON BEACH, and hereby enters its appearance for and on behalf of said Defendant in the above-styled cause.

It is requested that all future pleadings be copied to the undersigned, Attention: LYMAN H. REYNOLDS, JR., ESQUIRE.

It is requested that Roberts, Reynolds, Bedard & Tuzzio, PLLC be added to the Certificate of Service list effective immediately.

### DESIGNATION OF EMAIL ADDRESS PURSUANT TO RULE 2.516

The undersigned hereby designates the following e-mail address for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

Primary Email Address:       service_LHR@rrbpa.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this 14th day of January, 2016.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendant City of Boynton Beach

LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE:          HARRIS v. CITY OF BOYNTON BEACH, et al.
CASE NO.:       50 2015 CA 014268 XXXX MB AJ
OUR FILE NO.:   16-110

## COUNSEL LIST

LINNES FINNEY, JR., ESQ.
JULIA A. FARKAS, ESQ.
Greenspoon Marder, P.A.
145 NW Central Park Plaza, Suite 200
Port St. Lucie, FL 34986
Counsel for Plaintiff
PHONE: 772-873-5900
FAX: 772-873-3101
E-SERVICE: linnes.finney@gmlaw.com
            julia.farkas@gmlaw.com
FBN: 353671 / 027740

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Counsel for Defendant Boynton Beach
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
        bsmith@rrbpa.com
FBN: 380687

Filing # 36943804 E-Filed 01/25/2016 01:12:56 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA.

BYRON L. HARRIS, JR.                    CASE NO.:  50-2015-CA-014268-MB

      Plaintiff,

vs.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW MEDEIROS,
STEPHEN MAIORINO, RONALD RYAN,
JUSTIN HARRIS, CORY HERNY,
ALFRED MARTINEZ, and other unknown
Officers,

      Defendants.

_____/

## NOTICE OF APPEARANCE

    PLEASE TAKE NOTICE that OSCAR E. MARRERO, ESQ. and LOURDES E. WYDLER, ESQ., of Marrero & Wydler, 2600 Douglas Road, PH-4, Coral Gables, Florida 33134, file this Notice of Appearance as counsel for Defendant, JUSTIN HARRIS, and request that copies of all future pleadings, etc., filed in this case be directed to them.

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been  by Electronically filed with the Clerk of the Court, who will electronically serve on all counsel on the attached service list, this 25th of January, 2016.

                MARRERO & WYDLER
                Attorneys for Defendant Justin Harris
                Douglas Centre, PH-4
                2600 Douglas Road
                Coral Gables, FL 33134
                (305) 446-5528
                (305) 446-0995 (fax)

                BY  /s/ Oscar E. Marrero_____
                    OSCAR E. MARRERO
                    F.B.N.: 372714
                    oem@marrerolegal.com
                    LOURDES E. WYDLER
                    F.B.N.: 719811
                    lew@marrerolegal.com
                    ALEXANDRA C. HAYES
                    F.B.N: 109482
                    ach@marrerolegal.com

*Harris v. City of Boynton Beach, et al.*
*Circuit Court Case No.: 50-2015-CA-014268-MB*
*Page 2*

## SERVICE LIST
### 50-2015-CA-014268-MB

Counsel for Plaintiff:

Linnes Finney, Jr., Esq.
Greenspoon Marder, P.A.
145 N.W. Central Park Plaza, Suite 200
Port St. Lucie, FL 34986
(772) 873-5900
(772) 873-3101 fax
FBN 353671
Linnes.finney@gmlaw.com
Julia A. Farkasa, Esq.
FBN 027740
Julia.farkas@gmlaw.com

Counsel for City:

Lyman H. Reynolds, Jr., Esq.
Roberts Reynolds Bedard & Tuzzio PLLC
470 Columbia Drive, Suite C101
West Palm Beach, FL 33409
(561) 253-2260
(561) 688-2343 (fax)
lreynolds@rrbpa.com

Counsel for Michael Brown:

Michael T. Burke, Esq.
burke@jambg.com
E. Bruce Johnson, Esq.
Johnson@jambg.com
Johnson Anselmo Mrudoch Burke
Piper & Hochman, P.A.
2455 E. Sunrise Blvd., Suite 1000
Ft. Lauderdale, FL 33304
(954) 463-0100
(954) 463-2444 (fax)

Counsel for Matthew Medeiros:

Harriet Lewis, Esq.

FBN #331015
hlewis@lsdlaw.net
Gary Oldehoff, Esq.
FBN #449679
goldehoff@lsdlaw.net
Nancy Stroud, Esq.
FBN #278564
nstroud@lsdlaw.net
Stephanie Deutsch, Esq.
FBN #503584
sdeutsch@lsdlaw.net
LEWIS STROUD & DEUTSCH, P.L.
1900 Glades Road, #251
Boca Raton, FL 33431
(561) 826-2800
(561) 826-2828 (fax)

Counsel for Stephen Miaorino:

Bruce W. Jolly, Esq.
Purdy Jolly & Giuffreda, P.A.
2455 E. Broward Blvd., Suite 1216
Ft. Lauderdale, FL 33304
(954) 462-3200
(954) 462-3861 (fax)
FBN 203637
bruce@purdylaw.com

Counsel for Ron Ryan:

Robert H. Schwartz, Esq.
McIntosh Schwartz, P.L.
888 S.E. 3rd Avenue, Suite 201
Ft. Lauderdale, FL 33316
(954) 660-9888
(954) 760-9531 (fax)
rhs@mcintoshschwartz.com

Counsel for Cory Herny:

Don Stephens, Esq.
Olds & Stephens, P.A.
312 11th Street
West Palm Beach, FL 33401
(561) 832-6814

*Harris v. City of Boynton Beach, et al.*
*Circuit Court Case No.:  50-2015-CA-014268-MB*
*Page 4*

(561) 832-4766 (fax)
dstephens@oslegal.com

Counsel for Alfred Martinez:

Robert C. Okon, Esq.
Clarfield, Okon, Salomone & Pincus, P.L.
500 S. Australian Avenue, Suite 730
West Palm Beach, FL 33401
(561) 713-1400 ext. 104
(561) 713-1401 (fax)
rokon@cosplaw.com

Filing # 36854003 E-Filed 01/21/2016 05:16:11 PM

FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 50 2015 CA 014268 XXXX MB AJ

BYRON L. HARRIS, JR.,

     Plaintiff,

v.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW
MEDEIROS, STEPHEN MAIORINO,
RONALD RYAN, JUSTIN HARRIS,
CORY HERNY, ALFRED MARTINEZ,
and Other Unknown Officers,

     Defendants.

_____/

### NOTICE OF APPEARANCE

**DON STEPHENS, ESQUIRE,** of **OLDS & STEPHENS, P.A.,** hereby enters his appearance as counsel for Defendant, **CORY HERNY,** in the above styled cause, and would request that all future pleadings, correspondence, etc. be furnished to the undersigned.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above notice has been furnished by electronic mail to: **LINNES FINNEY, JR., ESQ.,** Greenspoon Marder, P.A., Attorney for Plaintiff, at linnes.finney@gmlaw.com; **LYMAN REYNOLDS, ESQ.,** Roberts, Reynolds, Bedard & Tuzzio, PLLC, Attorneys for Defendant, City of Boynton Beach, at lreynolds@rrbpa.com; **MICHAEL BURKE, ESQ.,** Johnson Anselmo Murdoch, et. al., Attorneys for Defendant, Michael Brown, at burke@jambg.com; **BRUCE JOLLY, ESQ.,** Purdy Law, Attorney for Defendant, Stephen Maiorino, at bruce@purdylaw.com; **ROBERT SCHWARTZ, ESQ.,** McIntosh Schwartz, P.L., Attorneys for Defendant, Ron Ryan,

at rhs@mcintoshschwartz.com; **OSCAR MARRERO, ESQ.,** Marrero & Wydler, Attorneys for

Defendant, Justin Harris, at oem@marrerolegal.com; **ROBERT OKON, ESQ.,** Clarfield, Okon,

Salomone & Pincus, P.L., Attorneys for Defendant, Alfred Martinez, at rokon@cosplaw.net,

on this 21st day of January, 2016.

> **OLDS & STEPHENS, P.A.**
> Attorneys for Defendant **HERNY**
> 312-11th Street
> West Palm Beach, FL  33401
> Telephone:    (561) 832-6814
> Facsimile:     (561) 832-4766
> Email:         dstephens@oslegal.com
>
> By: _____
> DON STEPHENS, Esq.
> Florida Bar No.: 604208

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2015-CA-14268 XXXX MB AJ

BYRON L. HARRIS, JR.,

        Plaintiff,

vs.

CITY OF BOYNTON BEACH, MICHAEL
BROWN, MATTHEW MEDEIROS,
STEPHEN MAIORINO, RONALD RYAN,
JUSTIN HARRIS, CORY HERNY,
ALFRED MARTINEZ, and Other
Unknown Officers,

        Defendants.

_____/

## NOTICE OF APPEARANCE

The Clerk will please note the appearance of the law firm of PURDY, JOLLY,
GIUFFREDA & BARRANCO, P.A. as Attorneys of Record for the Defendant, STEPHEN
MIAORINO.

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of
Court via myfloridacess.com, which will send a copy via e-mail to: LINNES FINNEY, JR.,
Esquire, Greenspoon, Marder, P.A., attorneys for Plaintiff, at linnes.finney@gmlaw.com;
LYMAN REYNOLDS, Esquire, Roberts, Reynolds, Bedard & Tuzzio, PLLC, attorneys for
Defendant Boynton Beach, at lreynolds@rrbpa.com; MICHAEL BURKE, Esquire, Johnson,
Anselmo, Murdoch, et al., attorneys for Defendant Michael Brown, at burke@jambg.com;
ROBERT SCHWARTZ, Esquire, McIntosh & Schwartz, P.L., attorneys for Defendant Ron
Ryan, at rhs@mcintoshschwartz.com; OSCAR MARRERO, Esquire, Marrero & Wydler,

attorneys for Defendant, Justin Harris, at oem@marrerolegal.com; ROBERT OKON, Esquire, Clarfield, Okon, Salomone & Pincus, P.L., attorneys for Defendant, Alfred Martinez, at rokon@cosplaw.net.; and DON STEPHENS, Esquire, Olds & Stephens, P.A., attorneys for Defendant Cory Herny, at dstephens@oslegal.com., this **25th** day of January, 2016.

> PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
> Attorneys for Defendant MIAORINO
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861
> E-mail: bruce@purdylaw.com.
>
> BY      */s/ Bruce W. Jolly*
> BRUCE W. JOLLY
> Fla. Bar No. 203637

Filing # 36769462 E-Filed 01/20/2016 01:24:15 PM

IN THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

BYRON L. HARRIS, JR.,                    CASE NO. 502015CA014268XXXXMB AJ

      Plaintiff,

v.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW
MEDEIROS, STEPHEN MAIORINO,
RONALD RYAN, JUSTIN HARRIS,
CORY HERNY, ALFRED MARTINEZ,
and Other unknown officers,

      Defendants.

_____/

### NOTICE OF APPEARANCE OF COUNSEL

**TO:   ALL PARTIES LISTED HEREIN BELOW:**

      NOTICE IS GIVEN that the Law Firm of Lewis, Stroud & Deutsch, PL, hereby enters its

appearance as counsel of record for Defendant, MATTHEW MEDEIROS, in the above-styled

action.

      Copies of all further pleadings and papers served on Defendant, MATTHEW

MEDEIROS, should be forwarded to:

HARRIET LEWIS, ESQ.
GARY K. OLDEHOFF, ESQ.
Lewis, Stroud & Deutsch, PL
1900 Glades Road, Suite 251
Boca Raton, FL 33431
Telephone: 561-826-2800
Facsimile: 561-826-2828
Primary Email: hlewis@lsdlaw.net; goldehoff@lsdlaw.net
Secondary Email: jwright@lsdlaw.net; kklein@lsdlaw.net

*HARRIS v. CITY OF BOYNTON BEACH, ET AL.*
*CASE NO. 502015CA014268XXXXMB*
*DEFENDANT, MATTHEW MEDEIROS'*
*NOTICE OF APPEARANCE – HARRIET LEWIS, ESQ.*
*PAGE 2*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic service on this 20th day of January, 2016 to: **Linnes Finney, Jr., Esq.**, *attorney for Plaintiff*, Byron L. Harris, Jr., Greenspoon Marder, P.A., email: linnes.finney@gmlaw.com; **Lyman Reynolds, Esq.**, *attorney for Defendant, City of Boynton Beach*, Roberts, Reynolds, Bedard & Tuzzio, PLLC, Email: lreynolds@rrbpa.com; **Michael Burke, Esq.**, *attorney for Defendant, Michael Brown*, Johnson Anselmo Murdoch, et. al., Email: burke@jambg.com; **Bruce Jolly, Esq.**, *attorney for Defendant, Stephen Maiorino*, Purdy Law, Email: bruce@purdylaw.com; **Robert Schwartz, Esq.**, *attorney for Defendant, Ron Ryan*, McIntosh Schwartz, P.L., Email: rhs@mcintoshschwartz.com; **Oscar Marrero, Esq.**, *attorney for Defendant, Justin Harris*, Marrero & Wydler, Email: oem@marrerolegal.com; **Don Stephens, Esq.**, *attorney for Defendant, Cory Herny*, Olds & Stephens, P.A., Email: dstephens@oslegal.com; and **Robert Okon, Esq.**, *attorney for Defendant, Alfred Martinez*, Clarfield, Okon, Salomone & Pincus, P.L., Email: rokon@cosplaw.net.

Respectfully submitted,

*/s/ Harriet R. Lewis*
Harriet R. Lewis, Esq.
Fla. Bar No. 331015
hlewis@lsdlaw.net
Gary K. Oldehoff, Esq.
Fla. Bar No. 449679
goldehoff@lsdlaw.net
Lewis Stroud & Deutsch, P.L.
1900 Glades Road, #251
Boca Raton, FL 33431
Telephone:     561-826 2800
Facsimile:     561-826 2828

2

Filing # 36948432 E-Filed 01/25/2016 02:03:10 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2015-CA-14268 XXXX MB AJ

BYRON L. HARRIS, JR.,

        Plaintiff,

vs.

CITY OF BOYNTON BEACH, MICHAEL
BROWN, MATTHEW MEDEIROS,
STEPHEN MAIORINO, RONALD RYAN,
JUSTIN HARRIS, CORY HERNY,
ALFRED MARTINEZ, and Other
Unknown Officers,

        Defendants.

_____/

## NOTICE OF E-MAIL ADDRESS DESIGNATION PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.516

The Defendant STEPHEN MIAORINO, hereby files his Notice of E-Mail Address Designation Pursuant to Florida Rule of Judicial Administration 2.516.   The following individuals are hereby designated with the respective e-mail addresses for service of pleadings and documents in this lawsuit:

| | | |
|---|---|---|
| Primary e-mail: | Bruce W. Jolly | bruce@purdylaw.com |
| Secondary e-mail: | Susie Anderson | susie@purdylaw.com |

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court via myfloridaccess.com, which will send a copy via e-mail to: LINNES FINNEY, JR., Esquire, Greenspoon, Marder, P.A., attorneys for Plaintiff, at linnes.finney@gmlaw.com;

-1-

LYMAN REYNOLDS, Esquire, Roberts, Reynolds, Bedard & Tuzzio, PLLC, attorneys for Defendant Boynton Beach, at lreynolds@rrbpa.com; MICHAEL BURKE, Esquire, Johnson, Anselmo, Murdoch, et al., attorneys for Defendant Michael Brown, at burke@jambg.com; ROBERT SCHWARTZ, Esquire, McIntosh & Schwartz, P.L., attorneys for Defendant Ron Ryan, at rhs@mcintoshschwartz.com; OSCAR MARRERO, Esquire, Marrero & Wydler, attorneys for Defendant, Justin Harris, at oem@marrerolegal.com; ROBERT OKON, Esquire, Clarfield, Okon, Salomone & Pincus, P.L., attorneys for Defendant, Alfred Martinez, at rokon@cosplaw.net.; and DON STEPHENS, Esquire, Olds & Stephens, P.A., attorneys for Defendant Cory Herny, at dstephens@oslegal.com.,  this **25th** day of January, 2016.

> PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
> Attorneys for Defendant MIAORINO
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861
> E-mail: bruce@purdylaw.com.
>
>
> BY     */s/ Bruce W. Jolly*
>          BRUCE W. JOLLY
>          Fla. Bar No. 203637