UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80148-CIV-ROSENBERG

BYRON L. HARRIS, JR.,

    Plaintiff,

vs.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW MEDEIROS,
STEPHEN MAIORINO, RONALD RYAN,
JUSTIN HARRIS, CORY HENRY,
ALFRED MARTINEZ, and Other Unknown
Officers,,

    Defendants.

_____/

## DEFENDANT RONALD RYAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

    Defendant, RONALD RYAN (hereinafter "RYAN"), by and through his undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(6), hereby files this, his Motion to Dismiss Plaintiff, BYRON L. HARRIS, JR.'S (hereinafter "HARRIS") Complaint in this action and would state to the Court the following:

### I. INTRODUCTION

    HARRIS filed a Complaint which consists of nineteen (19) counts against eight (8) named defendants, including RYAN, who are police officers with the CITY OF BOYNTON BEACH (hereinafter "CITY"). In addition, the CITY is named as a party defendant. The counts against RYAN are Count IV, which alleges Excessive Force Pursuant to 42 U.S.C. § 1983; Count X, which alleges a State Law Battery Claim; Count XVII which alleges a Claim for

Failure to Intervene under 42 U.S.C. § 1983 and Count XIX which alleges Conspiracy under 42 U.S.C. § 1983.

RYAN has answered Counts IV and X. This Motion to Dismiss addresses Counts XVII and XIX[1].

## II. MOTION TO DISMISS

### 1. FAILURE TO INTERVENE

Count XVII fails to state a claim upon which relief can be granted as there are no facts alleged that demonstrate that RYAN was in a position to intervene with the alleged use of excessive force and failed to do so.

The complaint alleges that the eight (8) named officers were guilty of excessive force in the apprehension of HARRIS; and then in addition HARRIS alleges that the same eight (8) named officers failed to intervene in protecting him from the excessive force. There is no attempt to identify any individual officer in terms of what force he may have used, nor are there any factual allegations that would support the claim of failure to intervene. The claim requires some factual basis on which a determination can be made that a non-intervening officer had the opportunity but failed to do so.

### 2. CONSPIRACY

Count XIX fails to state a claim upon which relief can be granted for a Conspiracy pursuant to 42 U.S.C. § 1983. There are insufficient factual allegations to demonstrate that the named officers reached the required understanding to violate HARRIS' constitutional rights.

Moreover, the intracorporate conspiracy doctrine precludes this claim against the named individual police officers, including RYAN as the alleged conspiracy occurred within the scope of their employment which precludes the claim against the individual actors.

---

[1] Although the enumerated Counts are in chronological order, they are not properly numbered.

### III. STANDARD FOR DISMISSAL

Pursuant to Fed.R.Civ.P. 12(b)(6), a motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). On such a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Milburn*, 734 F.2d at 765. The Court must, "at this stage of the litigation, ... accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L.Ed.2d 59, 104 S.Ct. 2229 (1984). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957) (citations omitted); *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *In re Autoclub Body and Paint Service, Inc. v. Kalb*, 2011 WL 766972, at *1 (S.D. Fla. February 23, 2011).

A court reviewing a motion to dismiss must remember that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984)). *Mason v. Cole, Scott & Kissane, P.A.*, 2008 WL 2051359, at *1 (S.D. Fla. May 13, 2008).

Therefore the Motion to Dismiss tests the legal sufficiency of the allegations contained in the Complaint. As to both counts the Complaint is legally insufficient to state a claim upon which the relief prayed for can be granted.

## FAILURE TO STATE A CLAIM FOR FAILURE TO INTERVENE

The law of this circuit is that " 'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.' " *Skrtich v. Thornton,* 280 F.3d 1295, 1302 (11th Cir.2002) (quoting *Fundiller v. Cooper City,* 777 F.2d 1436, 1441-42 (11th Cir.1985)); *Priester v. City of Riviera Beach, Fla.,* 208 F.3d 919, 924 (11th Cir.2000). Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow. *Id.* Furthermore, in *Skrtich,* we expressly rejected the argument that "the force administered by each defendant in [a] collective beating must be analyzed separately to determine which of the defendants' blows, if any, used excessive force." 280 F.3d. at 1302.

However, "it must also be true that the non-intervening officer was in a position to intervene yet failed to do so." *Crenshaw v. Lister,* 556 F.3d 1283, 1293 (11th Cir. 2009), citing *Hadley v. Gutierrez,* 526 F.3d 1324, 1330 (11th Cir. 2008).

## FAILURE TO STATE A CLAIM FOR CONSPIRACY

To state a § 1983 claim for conspiracy to violate a constitutional right, a plaintiff must show a conspiracy existed that resulted in the actual denial of some underlying constitutional right. *Grider v. City of Auburn, Ala.,* 618 F.3d 1240, 1260 (11th Cir. 2010). A plaintiff must prove that the defendants "reached an understanding" to violate the constitutional right at issue, although factual proof of the conspiracy may be based on circumstantial evidence. *Id.*

The intracorporate conspiracy doctrine "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Grider,* 618 F.3d at 1261 (citing *McAndrew v. Lockheed Martin Corp.,* 206 F.3d 1031, 1036 (11th Cir.2000) (*en banc*)). "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id.* The Eleventh Circuit has applied the doctrine to public entities and their employees as well. *Grider,* 618 F.3d at 1261 (citing *Denney v. City of Albany,* 247 F.3d 1172, 1190–91 (11th Cir.2001) *Little v. Dean,* 2014 WL 4388298, at *16 (N.D. Ala. August 29, 2014).

## IV. CONCLUSION

For the reasons stated HARRIS has failed to state a claim upon which relief can be granted for Failure to Intervene (Count XVII) and for Conspiracy (Count XIX).

WHEREFORE, Defendant, RONALD RYAN, respectfully requests that this Honorable Court enter an Order dismissing Counts XVII and XIX of Plaintiff's Complaint and for such other relief deemed just and proper.

Dated: February 3, 2016
       Fort Lauderdale, Florida

Respectfully submitted,

    s/Robert H. Schwartz
ROBERT H. SCHWARTZ (0301167)
rhs@mcintoshschwartz.com
McINTOSH SCHWARTZ, P.L.
888 Southeast 3rd Avenue, Suite 201
Fort Lauderdale, Florida 33316
Direct:     (954) 556-1483
Facsimile:  (954) 760-9531
**Attorneys for Defendant Ryan**

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert H. Schwartz<br>
ROBERT H. SCHWARTZ

## SERVICE LIST

Linnes Finney, Jr., Esquire
FBN: 353671
Julia A. Farkas, Esquire
FBN: 027740
Greenspoon Marder, P.A.
145 N.W. Central Park Plaza, Suite 200
Port St. Lucie, Florida 34986
Telephone:    772-873-5900
Facsimile:    772-873-3101
Attorneys for Plaintiff
Linnes.finney@gmlaw.com
Julia.farkas@gmlaw.com

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke
Piper @ Hochman, P.A.
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33394
Telephone:    954-463-0100
Facsimile:    954-463-2444
Attorneys for Michael Brown
burke@jambg.com

Thomas Carlton Gano, Esquire
Thomas Carlton Gano, P.A.
4000 Executive Center Drive, Suite 201
West Pam Beach, Florida 33401-1911
Telephone:    561-687-8776
Facsimile:    561-686-4567
Personal Attorney for Michael Brown
thomasgano@aol.com

Harriet Lewis, Esquire
Lewis, Stroud & Deutsch, P.L.
1900 Glades Road, Suite 251
Boca Raton, Florida 33431-8548
Telephone:    561-826-2800
Facsimile:    561-826-2828
Attorneys for Matthew Medeiros
hlewis@lsdlaw.net

Scott Richardson, Esquire
Law Offices of Scott N. Richardson, P.A.
1401 Forum Way, Suite 720
West Palm Beach, Florida 33401-2322
Telephone:    561-471-9600
Facsimile:    561-471-9655
Personal Attorney Matthew Medeiros
snr@scottnrichardsonlaw.com

Bruce Wallace Jolly, Esquire
Purdy Jolly & Giuffreda, P.A.
2455 E. Sunrise Boulevard
Suite 1216
Fort Lauderdale, Florida 33304-3115
Telephone:    954-462-3200
Facsimile:    954-462-3861
Attorneys for Stephen Miaorino
bruce@purdylaw.com

Michael Salnick, Esquire
Salnick, Fuchs and Bertisch, P.A.
1645 Palm Beach Lakes Boulevard
Floor 10
West Palm Beach, Florida 33401-2204
Telephone:    561-471-1000
Facsimile:    561-659-0793
Personal Attorney for Stephen Miaorino
msalnick@sfblaw.net

Jason S. Weiss, Esquire
Atterbury Goldberger & Weiss, P.A.
One Clearlake Centre, Suite 1400
250 S. Australian Avenue, Suite 1400
West Palm Beach, Florida 33401-5016
Telephone:    561-659-8300
Facsimile:    561-835-8691
Personal Attorney for Ronald Ryan
jweiss@agwpa.com

Oscar Marrero, Esquire
Marrero & Wyoler
2600 S. Douglas Road, PH 4
Coral Gables, Florida  33134-6143
Telephone:     305-446-5528
Facsimile:      305-446-0995
Attorney for Justin Harris
oem@marrerolegal.com

Jonathan Wasserman, Esquire
The Law Office of Jonathan Wasserman, PA
560 Village Boulevard, Suite 240
West Palm Beach, Florida  33409-1963
Telephone:     561-615-9785
Facsimile:      561-228-0585
Personal Attorney for Justin Harris
jw@wass-law.com

Don Stephens, Esquire
Olds & Stephens, P.A.
312 11th Street
West Palm Beach, Florida  33401-3322
Telephone:     561-832-6814
Facsimile:      561-843-4766
Attorneys for Cory Harris
dsephens@oslegal.com

Douglas Duncan, Esquire
Roth & Duncan
P.O. Box 770
West Palm Beach, Florida  33402-0770
Telephone:     561-655-5529
Facsimile:      561-655-7818
Personal Attorney for Cory Harris
dnd325@aol.com

Robert Okon, Esquire
Clarfield & Okon, P.A.
Clarfield, Okon, Salomone & Pincus, PL
500 S. Australian Avenue, Suite 730
West Palm Beach, Florida  33401-6237
Telephone:     561-713-1400 ext. 104
Facsimile:      561-713-1401
Attorney for Alfred Martinez
rokon@cospllaw.com

Richard G. Lubin, Esquire
Richard G. Lubin, P.A.
1217 S. Flagler Drive, FL 2
West Palm Beach, Florida  33401-6706
Telephone:     561-655-22040
Facsimile:      561-655-2182
Personal Attorney for Alfred Martinez
rich@lubinlaw.com

McINTOSH SCHWARTZ, P.L.
888 SOUTHEAST 3RD AVENUE · SUITE 201 · FORT LAUDERDALE, FL 33316 · TELEPHONE (954) 660-9888 FAX (954) 760-9531