UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80148-CIV-ROSENBERG

BYRON L. HARRIS, JR.,

    Plaintiff,

v.

CITY OF BOYNTON BEACH,
MICHAEL BROWN, MATTHEW
MEDEIROS, STEPHEN MAIORINO,
RONALD RYAN, JUSTIN HARRIS,
CORY HERNY, ALFRED MARTINEZ,
and Other Unknown Officers,

    Defendants.
_____/

## DEFENDANT, CORY HERNY'S MOTION TO DISMISS COUNT XIX WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, Defendant, **CORY HERNY** (hereinafter "Defendant"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this, his Motion to Dismiss Plaintiff's Complaint with Prejudice, and states as follows:

### I.    BACKGROUND

On December 23, 2015, Plaintiff filed a Complaint consisting of nineteen counts against eight named Defendants in the Circuit Court of the Fifteenth Judicial Circuit in and For Palm Beach County, Florida. On January 28, 2016, Defendants moved the case to District Court in the Southern District of Florida. Plaintiff is suing Defendant in Count XIII (1983 Excessive Force), in Count XIV (Battery), in Count XVII (1983 Failure to Intervene), and in Count XIX (1983 Conspiracy to Interfere with Constitutional Rights). Count XIX should be dismissed with prejudice because Defendant enjoys qualified immunity, and it was not clearly established at the time of the subject incident that the facts as alleged by Plaintiff would support a §1983 conspiracy claim.

Harris v. City of Boynton Beach, et al.
Case No.: 16-80148-CIV-ROSENBERG
Herny's Motion to Dismiss Count XIX with Prejudice
and Incorporated Memorandum of Law

## II.   RELEVANT FACTS ALLEGED IN THE COMPLAINT

1.   Paragraphs 7-8 of the Complaint allege that Defendant and the other named individuals were employees of the Boynton Beach Police Department, and were acting within the course and scope of their employment at the time of the events alleged in the Complaint.

2.   Paragraphs 10-13 of the Complaint allege that on August 20, 2014, Plaintiff intentionally led the police on a high speed chase which led to another officer being struck while attempting to stop Plaintiff utilizing stop sticks.

3.   Paragraphs 14-15 of the Complaint allege that Plaintiff led the police officers onto I-95 and other streets before eventually voluntarily stopping his vehicle and being yanked from the vehicle, thrown to the ground, punched, kicked, and tased after surrendering. Moreover, Plaintiff claims that some officers watched without intervening. Finally, Plaintiff asserts that such conduct violated his clearly established and well-settled constitutional right.

4.   Paragraphs 16-17 of the Complaint allege that the officers colluded to provide fabricated police reports about what happened. Plaintiff asserts that each of the individual officers entered into an agreement to give a false version of the events to investigating authorities. Plaintiff asserts that the officers covered up their excessive use of force in order to prevent an internal or criminal investigation into their conduct as well as to deprive Plaintiff of access to court.

Harris v. City of Boynton Beach, et al.
Case No.: 16-80148-CIV-ROSENBERG
Herny's Motion to Dismiss Count XIX with Prejudice
and Incorporated Memorandum of Law

5. Plaintiff further alleges in Paragraph 107 of the Complaint that the officers conspired and agreed to use excessive force in violation of the United States Constitution and 42 U.S.C. §1983.

### III. MEMORANDUM OF LAW

#### A. MOTION TO DISMISS STANDARD, GENERALLY

Defendant hereby adopts and incorporates by reference Section II (a) of Docket Entry 5 (DE 5).

#### B. QUALIFIED IMMUNITY REQUIRES DISMISSAL

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987), and it shields from suit "all but the plainly incompetent or one who is knowingly violating the federal law." *Lee, supra*, 284 F.3d at 1194 (quoting *Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11th Cir. 2001). Since qualified immunity is a defense not only from personal liability for government officials sued in their individual capacities, but also a defense from suit, it is important for the Court to determine the validity of a qualified immunity defense as early in the lawsuit as is possible. *Lee v. Ferraro, supra*, at 1194; *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998).

Generally, government officials performing discretionary functions are protected by qualified immunity if their conduct does not violate "clearly established statutory or

Harris v. City of Boynton Beach, et al.
Case No.: 16-80148-CIV-ROSENBERG
Herny's Motion to Dismiss Count XIX with Prejudice
and Incorporated Memorandum of Law

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In *Saucier, supra*, the Supreme Court set forth a two-part test for evaluating a claim of qualified immunity. As a threshold question, "a court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Lee, supra* at 1194 (quoting *Saucier*, 533 U.S. 194, 201); and then, if a constitutional right would have been violated under the plaintiff's version of the facts, the court must then determine "whether the right was clearly established." *Lee, supra*, 284 F.3d at 1194 (quoting *Saucier*, supra). This second inquiry "must be undertaken in light of the specific context of the case, not as broad general proposition." *Id.; see also Marsh v. Butler County*, 268 F.3d 1014, 1031-33 (11Cir. 2001) (en banc).

In broaching the first of *Saucier's* two-part test, it is not enough that a Plaintiff's factual allegations are vague and conclusory and such allegations will not enjoy an assumption of truth. In the context of §1983 cases, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth- legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10(2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal* at 662. The plausibility standard asks for more than a sheer

Harris v. City of Boynton Beach, et al.
Case No.: 16-80148-CIV-ROSENBERG
Herny's Motion to Dismiss Count XIX with Prejudice
and Incorporated Memorandum of Law

possibility that a Defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557). Nevertheless, courts should assume, on a case-by-case basis that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief. *Randall v. Scott*, 610 F.3d 701, 709-10 (2010).

In *Chesser v. Sparks*, 248 F. 3d. 1117 (11th Cir. 2001), the Eleventh Circuit made it clear that "while qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss; the motion will be granted if the complaint fails to allege violation of a clearly established constitutional right." The court went on to note that whether the complaint alleged such a violation is a question of law. *Id.* at 1122.  It is important to note that Courts deciding qualified immunity are no longer required to go through the two part sequence mandated in *Saucier;* the Supreme Court held in *Pearson v. Callahan,* 555 U.S. 223 (2009) that a Court deciding qualified immunity can skip part one of the *Saucier* analysis and go straight to part two.

In the instant action, Plaintiff claims that all of the officers while working within the course and scope of their employment for the same municipal corporation got together and wrote false reports.  It is clear that the Intracorporate Conspiracy Doctrine prevents the Complaint from being able to allege violation of a clearly established constitutional right. The Intracorporate Conspiracy Doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the

Harris v. City of Boynton Beach, et al.
Case No.: 16-80148-CIV-ROSENBERG
Herny's Motion to Dismiss Count XIX with Prejudice
and Incorporated Memorandum of Law

formation of a conspiracy. Under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves. *Grider v. City of Auburn, Ala*, 618 F.3rd 1240, 1260 (11th Cir.2010).

In *Detris v. Coats*, 523 Fed. App. 612 (11th Cir.2013), the Eleventh Circuit found that the Intracorporate Conspiracy Doctrine prohibits a §1983 conspiracy claim against law enforcement officers in their individual capacities. The court went on to note that as long as the alleged conspiracy occurred within the government entity, whether the officers were known or unknown, the Intracorporate Conspiracy Doctrine bars the claim. Id. at 615-616. Also, see *Tillman v. Orange County*, 519 Fed. Appx. 632 (11th Cir.2013); and, *Watson v. Edelen*, 76 F. Supp. 3d. 1332 (N.D. Fla. 2015).

**WHEREFORE**, Defendant, **CORY HERNY**, respectfully requests this Honorable Court to enter an Order Granting his Motion to Dismiss Count XIX with Prejudice.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically according to CM/ECF guidelines established by the United States District Court for the Southern District of Florida to: **LINNES FINNEY, JR., ESQ.**, Greenspoon Marder, P.A., Attorney for Plaintiff, at linnes.finney@gmlaw.com; **LYMAN REYNOLDS, ESQ.**, Roberts, Reynolds, Bedard & Tuzzio, PLLC, Attorneys for Defendant, City of Boynton Beach, at lreynolds@rrbpa.com; **MICHAEL BURKE, ESQ.**, Johnson Anselmo Murdoch, et. al., Attorneys for Defendant, Michael Brown, at burke@jambg.com; **BRUCE JOLLY, ESQ.**,

Harris v. City of Boynton Beach, et al.
Case No.: 16-80148-CIV-ROSENBERG
Herny's Motion to Dismiss Count XIX with Prejudice
and Incorporated Memorandum of Law

Purdy Law, Attorney for Defendant, Stephen Maiorino, at bruce@purdylaw.com; **ROBERT SCHWARTZ, ESQ.**, McIntosh Schwartz, P.L., Attorneys for Defendant, Ron Ryan, at rhs@mcintoshschwartz.com; **OSCAR MARRERO, ESQ.**, Marrero & Wydler, Attorneys for Defendant, Justin Harris, at oem@marrerolegal.com; **ROBERT OKON, ESQ.**, Clarfield, Okon, Salomone & Pincus, P.L., Attorneys for Defendant, Alfred Martinez, at rokon@cosplaw.net, on this **3rd** day of February, 2016.

        **OLDS & STEPHENS, P.A.**
        Attorneys for Defendant **HERNY**
        312-11th Street
        West Palm Beach, FL  33401
        Telephone:   (561) 832-6814
        Facsimile:     (561) 832-4766
        Email:            dstephens@oslegal.com

        By:   /s/ Don Stephens
            DON STEPHENS, Esq.
            Florida Bar No.: 604208