UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-80148-ROSENBERG/BRANNON

BYRON L. HARRIS, JR.,

    Plaintiff,

v.

CITY OF BOYNTON BEACH *et al.*,

    Defendants.
    _____/

## ORDER DENYING DEFENDANT MAIORINO'S MOTION TO STAY DISCOVERY

**THIS CAUSE** came before the Court upon the Motion to Stay Discovery Pending Resolution of Federal Criminal Investigation [DE 70] filed by Defendant Stephen Maiorino ("Defendant Maiorino"). The Court has carefully reviewed Defendant Maiorino's Motion, Plaintiff's Response thereto [DE 72], and Defendants' Joint Notice [DE 73], and is otherwise fully advised in the premises. For the reasons set forth below, Defendant Maiorino's Motion is **DENIED**.

This is an action for deprivation of constitutional rights, state law battery, and conspiracy. Plaintiff Byron L. Harris, Jr. ("Plaintiff") alleges that multiple Boynton Beach Police Officers—including Defendant Maiorino—used excessive force or failed to intervene to prevent the use of excessive force against him while arresting Plaintiff following a high-speed chase in Boynton Beach on August 20, 2014. Plaintiff further alleges that these officers later conspired to falsify reports in an effort to avoid liability. Altogether, Plaintiff's Complaint, filed December 23, 2015, includes 18 claims against the City of Boynton Beach and seven individual Boynton Beach Police Officers. *See* DE 1 at 7–34.

1

On June 23, 2016—six months after Plaintiff's Complaint was filed—Defendant Maiorino filed the Motion presently before the Court. In his Motion, Defendant Maiorino states that "[t]here is currently an open federal criminal investigation relating to the incident which is the basis of this lawsuit," but that "[n]o charges have been filed to date." *See* DE 70 at 2 ¶ 3. In light of this criminal investigation, Defendant Maiorino states that he "will invoke his 5th Amendment constitutional right against self-incrimination during discovery and will not answer questions related to his actions involving the incident about which the Plaintiff complains." *See id.* ¶ 4. As a result, Defendant Maiorino asserts that he and his counsel "will be significantly prejudiced in their pretrial preparation and defense if discovery is not stayed pending resolution of the federal criminal investigation." *See id.* ¶ 5.

In response to the Court's request for additional information, including whether any other Defendant is the subject of a criminal investigation concerning the events on which this case is based and the status of any such criminal investigation, *see* DE 71, the remaining Defendants filed a Joint Notice [DE 73] on June 27, 2016. In their Joint Notice, Defendants Michael Brown, Justin Harris, Alfred Martinez, Matthew Medeiros, and Ronald Ryan state that they have also been "advised that there is an open and on-going criminal investigation concerning the subject incident." *See* DE 73 at 2 ¶ 2. However, "[t]he status of that investigation is unknown." *See id.* Defendant Cory Herny states that he is unaware of any criminal investigation involving him. *See id.*

While none of the Defendants oppose the stay requested by Defendant Maiorino, *see id.*, Plaintiff does. *See* DE 72. Among other concerns, Plaintiff notes that Defendant Maiorino has submitted no documentation or other evidence to corroborate his "mere representation that there is an ongoing federal criminal investigation." *See id.* at 2 ¶ 6. Plaintiff also notes that all officers named in this case except Defendant Maiorino have responded to Plaintiff's discovery requests,

including Plaintiff's interrogatories and requests for production. *See id.* at 1–2 ¶ 4. For these and other reasons, Plaintiff asserts, and the Court agrees, that Defendant Maiorino has failed to demonstrate that a stay is appropriate.

As an initial matter, the Court notes that granting a stay of discovery pending resolution of the federal criminal investigation would require an indefinite stay of this entire proceeding. Pursuant to the Court's Pretrial Scheduling Order [DE 45] entered February 25, 2016, the deadline to complete discovery is September 19, 2016, and the deadline to file all pretrial motions is October 24, 2016. Trial is set for January 23, 2017. *See* DE 33. With no information about the present status of the federal criminal investigation, when it began, or when it may conclude, the Court has no option but to presume that the investigation will extend beyond these impending pretrial deadlines and perhaps even beyond the trial date itself.

"A court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interest of justice." *Pellegrino v. Wengert*, No. 15-CIV-60535, 2015 WL 7760991, at *1 (S.D. Fla. Dec. 1, 2015) (quoting *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)) (internal quotation marks omitted). While "[t]he [F]ifth [A]mendment privilege against self-incrimination permits a person not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings . . . the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *Id.* (internal quotation marks and citations omitted). In other words, "[a]bsent special circumstances, the mere existence of parallel criminal and civil proceedings does not mandate entry of a stay of the latter." *Id.* (quoting *Lay v. Hixon*, 2009 WL 1357384, at *2 (S.D. Ala. May 12, 2009)).

> "The Eleventh Circuit has articulated a narrow set [of] circumstances which require that a stay be granted." *Id.* at *2 (quoting *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, 2009 WL 2589116, at *1 (S.D. Fla. Aug. 19, 2009)).
>
>> Courts here must consider whether a defendant in both a civil and criminal matter is forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings. There mere possibility of disadvantage in a civil proceeding, such as that which may result from [an] adverse inference, is insufficient to justify a stay at [an early] point in the proceeding. Rather, [t]he law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces *certain loss* if the civil proceeding were to continue.
>
> *Id.* (internal quotation marks and citations omitted); *see also Court-Appointed Receiver of Laner Mgmt. Grp. LLC v. Lauer*, No. 05-60584-CIV, 2009 WL 800144, at * 2 (S.D. Fla. Mar. 25, 2009) (requiring proponent of stay to show that invocation of privilege would result in certain loss by automatic summary judgment, not merely the loss of his most effective defense).
>
>> In deciding whether a stay is mandated under this standard, a court may examine a number of factors, but most critically: "the degree and severity of overlap between the civil and criminal proceedings; whether the criminal charges are hypothetical or, by contrast whether an indictment or its equivalent has been issued; and the specificity of the invocation of the Fifth Amendment privilege relative to the civil proceeding."
>
> *Young v. Peraza*, No. 15-60968-CIV, 2015 WL 4639736, at *1 (S.D. Fla. Aug. 4, 2015) (quoting *Gonzalez v. Israel*, No. 15-CIV-60060, 2015 WL 4164772, at *3 (July 9, 2015)). "[A] district court may also consider the interest of the plaintiff in proceeding expeditiously, the burden on the defendant, and the public interest." *Id.* at *2 (citing *Yeoman's v. Forster & Howell, Inc.*, No. 09-488, 2009 WL 2960387, at *1 (M.D. Ala. Sept. 10, 2009)).

Applying these factors, the Court concludes that Defendant Maiorino has not established that the instant case falls within the narrow set of circumstances requiring a stay.

First, the Court has no evidence of the degree and severity of the overlap between the federal criminal investigation and the instant case aside from Defendants' general assertion of an

ongoing "investigation relating to the incident which is the basis of this lawsuit." *See* DE 70 at 2 ¶ 3; DE 73 at 2 ¶ 2. As Plaintiff notes, Defendants have submitted no documentation or other evidence to corroborate this assertion. Even assuming that the individual Defendants' actions during and after Plaintiff's arrest on August 20, 2014, are indeed the focus of the investigation, the Court notes that this case is broader in scope, including claims against the City of Boynton Beach arising from an alleged "pattern and practice of misconduct" going back at least to 2009. *See* DE 1 at 12–13 ¶ 2.

Second, regardless of any overlap between the federal criminal investigation and the instant case, there is no suggestion that an indictment or its equivalent has been issued as to Defendant Maiorino or any other Defendant in this case; rather, criminal charges remain hypothetical. *See* DE 70 at 2 ¶ 3. "The absence of an indictment weighs heavily against a stay of a related civil case." *Young*, 2015 WL 4639736, at *2 (citing *Coquina Investments v. Rothstein*, No. 10-60786, 2011 WL 2530945, at *2 (S.D. Fla. June 24, 2011)). Furthermore, the lapse of nearly two years since the subject incident on August 20, 2014, with still no indictment "demonstrates the potential for continued delay within a criminal investigation and further negates the argument that Defendants' exposure to criminal penalty is not 'merely hypothetical.'" *See Pellegrino*, 2015 WL 7760991, at *2 (citing *Gonzalez*, 2015 WL 4164772, at *3).

Third, Defendant Maiorino has presented nothing more than a blanket assertion of his Fifth Amendment privilege, which—as discussed above—is an inadequate basis for a stay. *See* DE 70 at 2 ¶ 4; *Pellegrino*, 2015 WL 7760991, at *1. Defendant Maiorino points to no specific factual issue of his defense forfeited by invoking the privilege and has failed to show why he cannot substantiate his defense by using the testimony of other parties, expert testimony, or other evidence. *See Young*, 2015 WL 4639736, at *2 (quoting *Coquina Investments*, 2011 WL

5

2530945, at *2); *see also Pellegrino*, 2015 WL 7760991, at *3. For example, the Court notes that all officers named in this case except Defendant Maiorino have responded to Plaintiff's discovery requests, including Plaintiff's interrogatories and requests for production; each of these officers is an eye witness to the events surrounding Plaintiff's arrest on August 20, 2014. *See* DE 72 at 1–2 ¶ 4. Accordingly, Defendant Maiorino has failed to establish that the invocation of his Fifth Amendment privilege will result in certain loss at this stage of the proceedings. *See Pellegrino*, 2015 WL 7760991, at *3.

Finally, the Court finds that any burden on Defendant Maiorino resulting from the denial of an indefinite stay is outweighed by the interests of both Plaintiff and the public in an expeditious resolution of this case. This is particularly true where, as here, the status of the federal criminal investigation is unknown. *See id.*; *Young*, 2015 WL 4639736, at *2; *Yeoman's*, 2009 WL 2960387, at *1.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Maiorino's Motion to Stay Discovery Pending Resolution of Federal Criminal Investigation [DE 70] is **DENIED**.

2. Defendant Maiorino may renew his request at a later stage in the proceedings upon a material change in circumstances.

3. The parties shall adhere to the deadlines set forth in the Court's Pretrial Scheduling Order [DE 45], including the September 19, 2016 deadline to complete discovery.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of July 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record